An administrator appointed in another State has no authority to discharge a debt due from a citizen of this State to his intestate ; and if administration is granted here, such discharge would be no bar to an action for the debt.

This was an action of debt on judgement brought by Wm. Vaughn, Administrator upon the estate of John W. Mott, deceased, late of the City, County and State of New York.   The writ in this case was dated and served on the first of September, A. D. 1831.   It was alleged in the declaration that the judgement was recovered by John W. Mott, aforesaid, against the defendant, by the consideration of the Rutland County Court, at their term, began and holden at said Rutland on the 2d Monday of Sept. A. D. 1826, for the sum of four hundred and fifty-seven dollars and nine cents, for damages and costs, and that no part of said judgement has been paid except $309,88, being part of the damages which had been allowed against the estate of Erastus Barker, leaving the sum of one hundred and thirty-six dollars and two cents damages, and the further sum of twelve dollars and nine cents costs, making in whole $148,11, being the residue of said judgement.   The defendant pleaded that after the recovery of said judgement and before the commencement of this suit, to wit, on the 20th of October 1827, Henry Mott of the said city of New York, was regularly appointed administrator by James Campbell, surrogate of the said city of New York, upon the estate of the said John W. Mott ; and that afterwards, to wit, on the 24th day of November, A. D. 1830, the said Henry Mott as administrator as aforesaid, for a valuable consideration executed to the said Jaazaniah a discharge of said judgement in favor of said John W. Mott.

To this plea, the plaintiff replied that prior to the said 24th day of November, A. D. 1830, the time at which the said Henry Mott discharged the judgement, to wit, on the third of of April, A. D. 1830, the said Willam Vaughn was regularly appointed administrator upon the estate of the said John W. Mott, by the Probate Court for the district of Rutland, but there was no profert of the records of said probate Court.   And that the defendant at the time of the

RUTLAND,
January,
1833.

Vaughn
vs.
Barret.

recovery of the said judgement against him in favor of the said John W. Mott, and long before and ever since, has been and still is an inhabitant of the State of Vermont, residing in said Probate District, and not a citizen or inhabitant of the State of New York. To which replication there was a general demurrer and joinder in the demurrer. The County Court rendered judgement for the plaintiff, and the defendant excepted; whereupon the case comes here for reconsideration.

*Moses M. Strong, for defendant.*—1st. The action of debt on judgement is a transitory action and the intestate, John W. Mott could in his life time have maintained an action on the judgement here declared upon, in the State of New York, as well as in this State. *Mills* vs. *Durgin,* 7 Cranch, 481; *Hampton* vs. *McCoural,* 3 Wheat. 234; *Watson* vs. *Bourne,* 10 Mass. 337; *Andrews* vs. *Montgomery,* 19 John. 162; *Hubbell* vs. *Coudrey,* 5 John. 132; *Post* vs. *Neafie,* 3 Caines 22.

2d. Hence, Henry Mott, administrator in the State of New York having the same rights that his intestate had with regard to this judgement, within that State, could have maintained an action of debt upon it, if the defendant had chosen to submit himself to the jurisdiction of the courts of the State of New York. 9 Cowen 34; Selw. N. P. 790, or (new edition) 2 Selw. 5 notes, 8 D. *Murray* vs. *Blachford,* 1 Wendal, 583; *Gage* vs. *Johnson,* 1 McCord, 492; *Gleason* vs. *Silley,* 1 Aik. 28.

3d. As a person is always justified in paying what he is under a legal obligation to pay, the defendant in this case is justified in paying to Henry Mott, and his discharge is a legal and valid discharge of the judgement here declared upon. Big. Dig. 309; *Stevens* vs. *Gaylard,* 11 Mass. 256.

*J. Clark, for plaintiff.*—The question here is as to the validity of a foreign administrators right.

1st. Henry Mott, by virtue of his appointment as administrator of John W. Mott, in the State of New York, by competent authority there, acquired no interest in, or control over the demand in question, as by the pleadings it is shown to be the effects of the deceased within this State. And as he could not, as such administrator, maintain an

RUTLAND,
January,
1833.

Vaughn
vs.
Barret.

action to recover the demand in this state, he could not in that capacity discharge it; nor could he discharge the right of action vested in an administrator duly appointed here.

2d. It will not be contended that an administrator duly appointed in this State, cannot maintain an action to recover the effects of his intestate within this state. And it would involve the greatest absurdity, to suppose, that an administrator deriving his authority from the laws of this state can prosecute and sue a demand, and another administrator deriving his authority from a foreign and distinct government, have power to discharge the action and the right of action, and subject the former to the cost, and even the costs and charges of administration. Indeed if an administrator appointed in this State, has any control, over the effects of his intestate within the same, he obviously must have the entire control; for in this respect he cannot have concurrent powers with a foreign administrator. The power of the one must necessarily exclude that of the other.

3d. In England, if a man dies having effects in two provinces, administration shall be granted in both. 3 Bac. Ab. Exrs. E. p. 36. So if he has goods in England and in Ireland, administration shall be granted by the Archbishop of Canterbury, for the goods in his Province, and by the Archbishop of Dublin for goods in his.

4th. The principal contended for by the plaintiff has been long since settled by this Court, and the decision in no wise overruled nor shaken. *Adm'rs. of Dodge* vs. *Whitmore*, Bray R. 92; *Lee* vs. *Havens*, Bray R. 93.

PHELPS, J.—It appears that John W. Mott, being a citizen and resident of New York, obtained a judgement against the defendant, and afterwards died in New York. Administration of his effects was there committed, by the Surrogate, to Henry Mott, and administration of the effects of J. W. Mott in this State, was granted to the plaintiff, by the Probate Court, for the District of Rutland within which the defendant resided. Subsequently the defendant obtained a discharge from Henry Mott, and, the

RUTLAND,
January,
1833.

Vaughn
vs.
Barret.

plaintiff having brought this action, the defendant pleads that discharge in bar. The question is, will the discharge avail him? The disposition of effects left vacant by the decease of the owner, has ever been regarded as a matter strictly of local jurisdiction. It is indeed a proceeding *in rem;* and in every country, is considered as falling within the jurisdiction of the particular State, Province or District, in which the effects are situate.

In England, where this subject is committed to the ordinary, if there are effects in two dioceses, administration must be taken in the Provincial Court; and if there are effects in two provinces, *i. e.* within the jurisdiction of two Arch-Bishops, administration must be taken in both. The reason given is, that they are each Supreme Jurisdictions, and neither can act in the other. Bac. Ab. tit. Exors. E. Hardress, 216; 1 Salk. 39-40; 3 Bla. Com. 509.

So no notice is taken there, of administration granted abroad, nor does a grant of administration in England extend to the Colonies.

The same view of the subject has ever been taken in the United States. Hence, an administrator appointed in a foreign state, has no authority in the United States.— *Grosvenor* vs. *Harris,* 1 Dall. 456; *Dixon* vs. *Ramsay's* Exors, 3 Cranch, 319; *Lewis and ux* vs. *W. Farland,* 9 Cranch, 157; *Select-men of Boston* vs. *Boylston,* 2 Mass. R. 384.

So letters of administration granted in one of the States are of no authority in another. This point has been repeatedly decided by the Courts of the United States. See 1 Cranch, 259; 3 do. 319; 3 Day's R. 304. It has been so held in Maine, see 5 Greenl. Rep. 261; in New Hampshire, see Ad. N. H. Rep. 198; in Massachusetts, see 3 Mass. Rep. 514; 2 do. 384; 5 do. 67; 8 do. 586; 11 do. 256. In Connecticut, see 3 Day, 74; 4 do. 87. And similar decisions have been had in Virginia, Kentucky, Ohio, and North Carolina.

So far indeed has this doctrine been carried, that in some states, they do not hold an administrator appointed abroad responsible within their jurisdiction, nor an administrator appointed within the state, responsible for effects received out of their jurisdiction. See 2d 5th & 8th, Mass. R. cited above.

RUTLAND,
January,
1833.

Vaughn
vs.
Barret.

This subject has also been before our Courts, and similar decisions had. See Brayton, 92, *Adm. of Dodge* vs. *Whetmore*; also, *Lee* vs. *Havens*, ib. 93. The case of *Lee* vs. *Havens*, is strictly in point with the present. In that case an administrator appointed in Massachusetts, had attempted to evade our jurisdiction, by indorsing a note due from a citizen of this State to his intestate there. A suit was brought by the endorsor, but the Court held the indorsement nugatory as the administrator had no interest in, or control over, the note in question."

In short, if the Courts of this State have jurisdiction, it follows that the Courts of no other State can have. The idea of a concurrent jurisdiction, in such a case, is aburd and impracticable.

If any reason be necessary to show the propriety of the decisions on this subject, it is found in the obvious propriety, not to say necessity, of protecting the rights of our own citizens who may be creditors of the intestate. To suffer the effects of the intestate to be eloined, without attending to these rights, is an act of comity to other jurisdictions, which no state does, or will exercise.

An idea seems to have been entertained, that the jurisdiction over the debt in this case, followed the person of the creditor. But it is to be observed, that jurisdiction, or the right of administration in respect to debts due a deceased person, never follows the residence of the creditor. They are always *bona notabilia*, unless they happen to fall within the jurisdiction where he resided. See Bac. Ab. Exors. E. Cro. Eliz. 472. Judgements are *bona notabilia* where the record is; (Ld. Rayd. 855; Carth. 149; 8 Mod. 244; Anon. 6 Geo. 2d, cited by Selw.;) Specialties, where they are at the time of the creditors decease, (*Lum* vs. *Dodson*, cited in Selw. N. P.; *Byron* vs. *Byron*, Cro. Eliz. 472,) and simple contracts where the *debtor resides*; Carthew, 373; Salk. 37; Ld. Rayd. 562.

An attempt is also made to support this defence upon the rule of *lex loci contractus*. This rule in most cases is founded upon the supposed intent of the parties. Further than this it is a matter of comity merely, as no independant State is bound to execute, or be governed by, the laws of another. To apply the rule however to a case like the

RUTLAND,
January,
1833.
———
Vaughn
vs.
Barret.

present, and permit the interferance of another State with subjects falling within our jurisdiction, would be an abandonment of our own sovreignty. All transactions taking place in New York, upon matters subject to their jurisdiction, if regular by their laws, would be properly regarded here. A judgement rendered there, if the parties and subject matter are within their jurisdiction, would be held conclusive; and even the act of a Sheriff executed there, would, under like circumstances be esteemed valid, if called in question here. But we should hardly concede to their Courts, the power of acting upon the title of our lands, or to their Sheriffs that of disposing of them at auction.

The judgement of the County Court is therefore affirmed.