PURPLE AND BURROWS, ADMINISTRATORS OF EZRA O. PURPLE'S ESTATE, *v.* WHITHED AND TRUSTEE.* .

*Administrator. Capacity to Sue.*

A promissory note, payable generally, was executed by a resident of this state. The payee died in Massachusetts, where plaintiffs were appointed administrators of his estate. At the time of the payee's death, and of the commencement of this suit, the maker resided in Connecticut, but resided in Massachusetts at the time of trial. In a suit on the note in this state, summoning a trustee resident here, it was *held*, that plaintiffs could maintain the suit as administrators by virtue of their appointment in Massachusetts.

GENERAL ASSUMPSIT. Pleas, the general issue and set-off. Trial by jury, September Term, 1875, Windham County, Ross, J., presiding.

The plaintiffs sought to recover the amount due on a promissory note by which the defendant promised to pay the intestate or his order, one hundred and ninety dollars on demand, with interest. It was conceded that at the time the note was executed, the defendant was a resident of this state; that at the time of the death of the intestate, and of the bringing of this suit, the defendant was a resident of Connecticut, and afterwards removed to Massachusetts, where he resided at the time of trial; that at the time this suit was brought, and at the time of trial, the trustee was a resident of this state, and that plaintiffs were residents of Massachusetts; and that in Massachusetts, where the intestate resided at the time of his death, and there only, the plaintiffs had been duly appointed administrators of the intestate's estate.

The defendant insisted that as the plaintiffs had not been appointed administrators in this state, they could not maintain the action, and that the court should direct a verdict for the defendant; but the plaintiffs claimed that at that stage of the proceedings, and under the pleadings, the defendant could not take advantage of the character in which the plaintiffs sued; but the

*Reargued at this term.

Purple et al. admrs. *v.* Whithed and trustee.

court held otherwise, and directed a verdict for the defendant; to which the plaintiffs excepted.

*A. Stoddard* (*George Howe* with him), for the plaintiffs, cited upon the point decided, *Vaughan, admr.* v. *Barrett,* 5 Vt. 333; *Admr. of Bullock* v. *Rogers,* 16 Vt. 294; *Abbott, admr.* v. *Coburn and Wife,* 28 Vt. 663; *Stevens* v. *Gaylord,* 11 Mass. 255; *Shults* v. *Pulver,* 3 Paige, 182; 2 Kent Com. 432; Story Confl. Laws, s. 515 *et seq.; McCullough* v. *Young,* 1 Binn. 63; s. c. 4 Dall. 273.

*Davenport & Eddy,* for the defendant, cited *Lee* v. *Havens,* Brayt. 93; *Vaughan, admr.* v. *Barrett,* 5 Vt. 333; *Admr. of Bullock* v. *Rogers,* 16 Vt. 294; *Goodwin* v. *Jones,* 3 Mass. 514; *Stevens* v. *Gaylord,* 11 Mass. 256, 263; *Langdon et al. admr.* v. *Potter,* Ib. 313; *Thompson* v. *Wilson,* 2 N. H. 291; *Armstrong* v. *Lear,* 12 Wheat. 169; *Kerr* v. *Moore,* 9 Ib. 505; *Dixon's Exr.* v. *Ramsey,* 3 Cranch, 319; *Fenwick* v. *Sears,* 1 Ib. 259; Story Confl. Laws, s. 513.

The opinion of the court was delivered by

BARRETT, J.   Suits may be brought by and against parties residing without the state, as well as by and against parties residing within it, provided process be so served as to render defendants amenable to the jurisdiction of our courts.

The *locus* of the residence of the plaintiffs in this case does not disenable them to sue.   If they were the creditors in the indebtedness of the defendant, there would be no pretence of question as to their capacity to maintain the suit.   The objection now made in this regard is on the ground of the representative character in which the plaintiffs sue.   If their intestate was living, and had brought the suit, their would be no ground for objection. Why may not his administrators sue, as well as himself if living? In all the cases cited, and in all the books referred to, the ground on which administrators have been held incapable of maintaining a suit in a foreign jurisdiction is, that the subject-matter of the suit was the subject of local administration within

such foreign jurisdiction—was something which the creditors of the deceased residing within such foreign jurisdiction were, under the local laws, entitled to have administration at their homes for their benefit, as against being obliged to go into the jurisdiction of principal administration to enforce and get satisfaction of their claims.     There is neither occasion nor reason for questioning the propriety or soundness of the established law in this respect.    But the case in hand does not stand upon nor involve the ground of fact upon which the established rule has come to be established, and which has constituted the subject-matter of its administration.    This suit is not brought to recover anything, or to recover for anything, of which any probate court in Vermont could take cognizance, or exercise any function.    The debt was not due or payable in Vermont, but in Massachusetts, where the intestate lived and died.    The debt passed by force of law to the administrators, with all the rights, for purposes of collection, that the intestate had.    The only occasion or purpose they had for coming into Vermont to bring a suit, was that they found a credit here in favor of their Massachusetts debtor that might be reached by our trustee process.    That credit is not the subject of administration in Vermont nor anywhere else.    The plaintiff in the trustee suit, gets no title to it till final judgment in his favor in such trustee suit.    If the foreign debtor of the intestate had had attachable tangible property in Vermont, ·that would not constitute *bona notabilia* nor *bona* of any kind of the intestate's estate, and even by attachment and levy of execution, that estate would get no title to the personal property attached, but only to the money realized on the sale, and that resolved into a claim against the officer realizing the money.

In case the suit had been brought against the foreign debtor, and personal service had been made upon him as he was casually within the state, but no property attached, what right or interest in the debt sued for would be the subject of administration in Vermont.    Suppose such debtor had been in the act of absconding from Massachusetts through Vermont, and it became important to hold him amenable to a judgment before he should get beyond the reach of process in Vermont, is there any ground in reason

Purple et al. admrs. *v.* Whithed and trustee.

why the administrators in Massachusetts should be obliged to see the debtor have free course beyond their reach by reason of necessary delay in getting an administrator appointed in Vermont, whose only official function would be to bring an authentic suit on a claim with which our probate courts have nothing to do ?

But tests of the principle and reason of the rule need not be multiplied. The principle and reason are implied and indicated in the closing sentence quoted in defendant's brief from 2 Redf. Wills, 18 (Vol. 3 of last ed. p. 25) : " For in every state where there is personal or real estate and debts owing, a right attaches for a distinct administration." But in case there be no such estate, nor debts owing in a given state, to what could that right of a distinct administration attach ? It is not without interest, in view of that quotation, to notice that in the paragraph next preceding, it is said : " When the title to property in possession, and even of choses in action of a negotiable character, becomes perfected under the administration in one state or country, any action requisite to vindicate and enforce such title in any foreign state, may be maintained without recourse to any local administration." " But beyond these and similar exceptional cases, the power and authority of an executor or administrator is limited to the state or country where it is granted." All which marks the true distinction, and promulgates the true doctrine, involved in the subject.

The argument deduced from the cases in which it has been held that a foreign administrator could not make a valid indorsement of a note owing by a debtor residing in this state, is one side of the present case, and for the reason already indicated, namely— such debt would be the subject of administration here, in behalf of the creditors residing here ; and as the collection of it would require the interposition of our courts in behalf of the indorsee, the validity of that indorsement for such a purpose would be subject to inquiry and judgment, in view of the policy and rules of law in that regard.

In the light of what has thus been said, our statute itself seems to conclude all question on the subject. Gen. Sts. c. 51, s. 2, provides for letters of administration in only two classes of

cases : 1st, when the intestate shall die being an inhabitant of this state ; 2d, when the deceased person shall, at the time of his decease, reside in any other state or country, *leaving estate to be administered in this state.*

The intestate in this case left no estate in this state to be administered that had any relation to the subject-matter of this suit. As said in defendant's brief, " the defence developed upon the trial in the court below goes to the right of plaintiffs to recover at all," and it was made under the general issue. We have no occasion to disturb the technicalities of pleading in this case, for in our view an ample plea in abatement would not have dislodged the plaintiffs on the score of lack of capacity to sue.

Judgment reversed, and judgment for plaintiffs for the amount of the note, with costs, and against the trustee for the full amount of said judgment upon the report, which is made part of the case by the bill of exceptions.

NOTE.—No point was made upon the fact that the defendant was residing in Connecticut at the time of the intestate's death: nor was there any showing in the court below as to the law of Connecticut applicable to that fact.—J. B.