ALLEN et al. v. FAIRBANKS.

(*Circuit Court, D. Vermont.* October 16, 1888.)

EXECUTORS AND ADMINISTRATORS—FOREIGN ADMINISTRATORS—ACTIONS.
    Personal representatives, appointed in Missouri, cannot sue for assets of their testator's estate, situate in Vermont, such assets being recoverable only by personal representatives deriving authority within that jurisdiction.[1]

In Equity.
*Daniel Roberts*, for orators.
*Henry C. Ide*, for defendant.

WHEELER, J. This bill is brought to compel contribution among shareholders of a private corporation. Two of the orators, each seeking relief for himself alone, one seeking relief for himself with another jointly, and the defendant, have died. Personal representatives of the individual orators, appointed in Missouri, and the survivor of the joint one with the others, have brought *scire facias* against the personal representatives of the defendant in Vermont to revive the suit. The defendants have pleaded to so much of the *scire facias* as is brought in behalf of these representatives, and this survivor, denying their right to proceed with the case, and the plea has been argued.

    The bill proceeds upon the ground that the defendant had in his hands money or property which in equity and good conscience belonged to the orators, respectively. This money or property constituted assets of the estates of these testators in Vermont. Such assets could only be recovered by personal representatives deriving authority from within that jurisdiction. *Wilkins* v. *Ellett*, 108 U. S. 256, 2 Sup. Ct. Rep. 641. This is not contrary to the decision in *Purple* v. *Whithed*, 49 Vt. 187, relied upon in behalf of these foreign representatives. In that case there were no assets of the estate of which the plaintiffs were administrators, in Vermont.

[1]As to the right of personal representatives to maintain an action to recover assets in a foreign jurisdiction, see Gove v. Gove, (N. H.) 15 Atl. Rep. 121, and note.

The plea appears to be sufficient as to these administrators. The right which belonged to the two jointly, at the death of one, however, survived to the other, and remains in him to be prosecuted. Their right is recognized and provided for by the statutes. Rev. St. U. S. § 956. Plea allowed as to executors in Missouri, without prejudice to administration in Vermont, and overruled as to the survivor and others.