SERENA K. CHURCH'S EXECUTOR *v.* WHITCOMB H. CHURCH'S ESTATE.

October Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, and POWERS, JJ.

Opinion filed February 2, 1906.

*Debts Due a Decedent—Situs—Foreign Executor—Right to Maintain Suit in this State.*

Debts due a decedent have their *situs* in the state where the debtor resides, and must be administered there.

If no part of a decedent's estate has its *situs* in this State, and so no administration thereof can be had here, the decedent's foreign

executor may maintain a suit in this State to collect a debt due the decedent's estate.

Declaration in assumpsit by a foreign executor in an appeal by him from the disallowance by commissioners on a decedent's estate of a claim presented by said executor. The executor demurred to the estate's plea in bar which alleged only that the executor's testate died in New Hampshire, that the executor was appointed by a probate court in that State, and that letters testamentary on his testate's estate had never been granted to him in this State. *Held*, that the plea is bad in not showing where the testate resided at the time of his death and at the time of said decedent's death; for, if the testate resided in New Hampshire at the time of said decedent's death, and continued to reside there till her own death, her foreign executor can maintain a suit in this State against said decedent's estate.

Whitcomb H. Church and Serena K. Church, his wife, were residents of Lebanon, N. H. Serena died testate, and Whitcomb H. subsequently deceased, leaving an estate in Vermont which is being settled in the Probate Court within and for the district of Hartford in this State. This case is an appeal from the disallowance by the commissioners in said Probate Court of claims presented against the estate of said Whitcomb H. Church by Wm. P. Burton, as executor of the last will and testament of said Serena K. Church. Appellant's declaration is in assumpsit, and counts upon certain promissory notes signed by said Whitcomb H., payable to one Daniel Knight, or order, and by him transferred to said Serena K.

The plea alleged only that said Wm. P. Burton derived his authority as executor of the will of Serena K. Church solely by virtue of the decree of a probate court in Grafton County in the State of New Hampshire, and that he had never been appointed such executor by any court in the State of Vermont. Heard on demurrer to said plea at the June Term, 1905, Windsor County, *Haselton*, J., presiding. Demurrer

overruled, and plea adjudged sufficient. The appellant excepted.

*Pingree & Pingree* for the plaintiff.

A debt due a decedent has its *situs* at the place where the debtor resides at the time of decedent's death. *Hillard* v. *Cox,* Raymond's Rep. 562; *Griffin* v. *Griffin,* Dyer's Rep. 83; *Widow Yoemans* v. *Bradshaw,* Carthew's Rep. 373; *Re Joslyn's Est.,* 76 Vt. 88; *People* v. *Whitehead,* 49 Vt. 187; *Walton* v. *Hall,* 66 Vt. 455.

*William Batchelder* for the defendant.

"Letters testamentary granted to an executor in his own state or country have no ex-territorial force. An administrator has no authority beyond the limits of the state or country in which he was appointed. In either case one must be confirmed by the court of the state or country in which property is situated, or debts are owing before he can effectually administer the property or collect the debts there." Sch. Ex. & Admr. §§ 15, 164, 172, 173; *Vaughn, Admr.* v. *Barrett,* 5 Vt. 333; *Langdon* v. *Potter,* 11 Mass. 313; Woerner, Admin. §§ 157, 160.

WATSON, J. This case is here on demurrer to the appellee's plea in bar. It appears from the plea that Serena K. Church died testate in the State of New Hampshire, that her last will and testament was there probated and W. P. Burton, the appellant, appointed executor thereof, and that letters testamentary on her estate have never been granted to the appellant in this State. There is nothing in the plea showing where Whitcomb H. Church resided at the time of Serena's death nor at the time of his own death. The plea is deficient in this

respect.   For if he resided in the State of New Hampshire at the time of her death and continued to reside there until his own death, the *situs* of the debt in question was there also, and it could be no basis for the administration of her estate here.   V. S. 2326-2327; *Abbott* v. *Coburn,* 28 Vt. 663; *Walton* v. *Hall's Estate,* 66 Vt. 455; *In Re Joslyn's Estate,* 76 Vt. 88.

If no part of her estate had its *situs* in this State, no administration can be had here, and her foreign executor can prosecute the suit against the estate of Whitcomb H. Church for the collection of the debt in question.   This question in principle is fully discussed in *Purple* v. *Whithed,* 49 Vt. 187, and we see no reason for disagreeing with the conclusion there reached.   But on the other hand, if at the time of Serena's death Whitcomb H. resided in this State the debt from him to her had its *situs* here, and it was a part of her estate to be administered here.   In that event the foreign executor would have no standing to prosecute the claim against Whitcomb H.'s estate in this jurisdiction.   This clearly appears from the authorities before cited.

It is contended by the appellant that the question here involved cannot properly be raised by a plea in bar,—that it must be by a plea in abatement.   But whether this is so or not we do not decide.

*Judgment reversed, demurrer sustained, plea adjudged insufficient, and cause remanded.*