KYLE T. BROWN, ADMR. *v.* GIBSON PERRY, JR., ET AL.

May Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed November 4, 1931.

*Searles & Graves* for the plaintiff.

*Shields & Conant* and *Raymond U. Smith* (Concord, N. H.) for the defendants.

MOULTON, J.   The plaintiff's intestate was killed at Haverhill, Grafton County, New Hampshire, in an automobile accident, caused by the alleged negligence of the defendants.   He was a resident of Monroe, in that county.   The defendants are residents of Newbury, Orange County, Vermont.   The plaintiff was appointed administrator by the probate court for Grafton County, New Hampshire, and later by the probate court for

the District of Caledonia, Vermont. The plaintiff himself is a resident of Lunenburg, in Essex County, Vermont. This action has been brought under the statute of New Hampshire (Pub. Laws, 1926, Ch. 302, §§ 9-14), to recover damages caused by the death of the intestate for the benefit of his next of kin. It is returnable to the Essex county court.

The defendants appeared specially and moved to dismiss the action. The motion was granted and the plaintiff excepted. There are three questions in this case:

1. Is the action, the cause of which has arisen under a statute of New Hampshire, to be maintained by the plaintiff, in his capacity as administrator appointed by a Vermont probate court?

2. If so, is the New Hampshire statute to be enforced in the courts of this State, upon principles of comity?

3. If the foregoing questions are answered in the affirmative, is the action properly brought in Essex County?

1. The maxim of the common law, *"Actio personalis moritur cum persona,"* has been largely abrogated by legislation in the various jurisdictions. 8 R. C. L. 722. Statutes providing for the recovery of damages for wrongful death are, generally speaking, of two kinds: So-called "survival acts" which provide that the decedent's right of action shall survive to his representative for the benefit of his estate; and those patterned upon Lord Campbell's Act (9 and 10 Vict.), by which a new right of recovery, entirely independent and unrelated to any which the deceased may have had during his lifetime, is vested either in certain designated beneficiaries or in the executor or administrator for their benefit. In the former class, the right of recovery for the death is as for one of the consequences of the wrong inflicted upon the decedent; the amount is determined from the standpoint of the deceased, and not from that of the statutory beneficiaries; and the measure is the value of the life to the decedent. In the latter class the right of recovery comes into being upon the death and is different in theory, quality, and object from every other such right. The recovery is not based upon the injury suffered by the decedent's estate, but its foundation is the loss sustained by certain persons designated as beneficiaries of the recovery. *Kling* v. *Torello,* 87 Conn. 301, 87 Atl. 987, 988, 46 L. R. A. (N. S.) 930; *Needham, Admr.* v. *G. T. Ry. Co.,* 38 Vt. 294, 302, et seq.; *Legg, Admr.*

v. *Britton,* 64 Vt. 652, 657, 658, et seq., 24 Atl. 1016; *May Coal Co.* v. *Robinette,* 120 Ohio St. 110, 165 N. E. 576, 578, 64 A. L. R. 441.

The defendants insist that the New Hampshire statute, upon which this action is based, is a survival act. The first paragraph of the statute, which is set out in full in the plaintiff's declaration, provides that: ''Actions in tort for physical injuries to the person * * * * and the causes of such actions, shall survive to the extent, and subject to the limitations set forth in the five following sections and not otherwise.'' The next paragraph provides for the prosecution by an administrator of an action commenced during the lifetime of the deceased party. Later sections upon which this action is based, provide for the commencement of such an action by the administrator of the deceased, and direct the method of distribution of the damages recovered among the widow and the minor or dependent children, or to the heirs at law of the deceased. We construe this statute so far as the last-mentioned sections are concerned, to be one based upon Lord Campbell's Act, and to provide, strictly speaking, a new right of recovery (*Berry* v. *Rut. R. R. Co.,* 103 Vt. 388, 154 Atl. 671, 672) to be vested in the administrator for the benefit of the beneficiaries therein named. The reasoning in *Needham* v. *G. T. Ry. Co., supra,* and *Legg, Admr.* v. *Britton, supra,* is ample authority for this conclusion. Several decisions of the New Hampshire Supreme Court have been cited in the briefs of both parties as bearing upon the construction of this statute. These cases, or the purport of them, have not been alleged in the declaration, or made a part of the record in any way. Being interpretations of the New Hampshire statute by the New Hampshire court, they are not the subject of judicial notice. *Murtey* v. *Allen,* 71 Vt. 371, 380, 45 Atl. 752, 76 A. S. R. 779, and cases cited in note 67 L. R. A. 34. For this reason they are not for consideration upon this motion to dismiss.

Since the right of action existed in Vermont, wherein the defendants have been found, the action may be maintained here by the plaintiff as ancillary administrator, who acts, in so doing, not as agent of the estate of the deceased, but as agent for those who may take by the terms of the statute. *Ploof* v. *Burlington Traction Co.,* 70 Vt. 509, 516, 41 Atl. 1017, 43 L. R. A. 108, for whom he will be trustee of whatever sum may

be recovered. *Needham, Admr.* v. *G. T. Ry., supra,* 38 Vt. page 304.

Indeed, although letters of administration have no extra territorial force and therefore apart from statute an adminis- trator has no authority to bring suit otherwise than in the state of his appointment, *Vaughn* v. *Barret,* 5 Vt. 333, 336, 26 A. D. 306; *Willard* v. *Hammond,* 21 N. H. 382, 385, it has been held that a foreign administrator may maintain an action for wrongful death, under a statute based upon Lord Campbell's Act, since he acts not in his representative capacity, but as trustee for the beneficiaries. *Boulden* v. *Penn. R. R. Co.,* 205 Pa. 264, 269, 270, 54 Atl. 906; *Ghilain* v. *Couture,* 84 N: H. 48, 146 Atl. 395, 400, 65 A. L. R. 553; *Connor* v. *N. Y., N. H. & H. R. R. Co.,* 28 R. I. 560, 68 Atl. 481, 482, 18 L. R. A. (N. S.) 1252, 13 Ann. Cas. 1033. In *Boulden* v. *Penn. R. R. Co., supra* (205 Pa. pages 270, 271, 54 Atl. 906, 908), it is said that in such case the foreign administrator "acts, therefore, not by virtue of authority which the probate court gave him when it granted him the power to administer the estate of the deceased, but solely by virtue of the authority vested in him by the statute," and that the "right of action might have been conferred upon the beneficiaries themselves, or upon any private person or public official; and, if it had been, it is too clear for argument that there could be no question of the right of the person or official thus designated to maintain the action" in another state. The plaintiff, in his declaration, has alleged his appointment as administrator in New Hampshire as well as in Vermont, and so the action is maintainable by him in either capacity.

■ 2. Whether or not the principles of comity require our courts to entertain actions brought under the statutes of other states, is not a question directed to the discretion of the trial court, but is one of law to be decided upon fixed and well-understood principles. See 3 Harv. Law Rev. 116.

■ Whatever the right of action the plaintiff may have must be determined by the law of New Hampshire because in claims of this kind, the nature of the right of action and the person in whom it is invested are fixed by the *lex loci delicti. Ghilain* v. *Couture,* 84 N. H. 48, 146 Atl. 395, 396, 65 A. L. R. 553; *Wooden* v. *Western N. Y. & P. R. R. Co.,* 126 N. Y. 10, 26 N. E. 1050, 1051, 22 A. S. R. 803, 13 L. R. A. 458 and note;

*Usher* v. *West Jersey R. R. Co.,* 126 Pa. St. 206, 17 Atl. 597, 599, 12 A. S. R. 863, 4 L. R. A. 261 and note.

The courts of one state will not enforce a penal statute of another. *Wellman* v. *Mead,* 93 Vt. 322, 325, 107 Atl. 396. But it is not claimed that this statute is penal; nor could it be so claimed in view of the exhaustive discussion of this question by the late Justice Taylor in the decision last cited.

Comity never requires a court to give effect to the law of another state which conflicts with that of its own. *In re Dennis' Estate,* 98 Vt. 424, 427, 129 Atl. 166. But the tendency of modern decisions is toward a broader comity in the enforcement of rights created by the legislature of sister states. The general rule is that when the action is transitory, and the right has become fixed and liability has been incurred in the state where the transaction occurred, such right of action may be pursued and such liability enforced in any court which has jurisdiction of such matters and can secure jurisdiction of the parties, provided that the statute under which the cause of action arose is not inconsistent with the public policy of the state in which the cause of action is sought to be enforced. A court should not, in otherwise proper cases, refuse to apply the law of a foreign state however unlike its own, unless it be contrary to pure morals or abstract justice, or unless the enforcement would be of evil example and harmful to its own people. *Wellman* v. *Mead, supra,* 93 Vt. 325, 326, 332, 107 Atl. 396. A statute of another state is not contrary to public policy merely because it is materially different from our own, nor because we have no statute on the subject it covers. *Powell* v. *G. N. R. R. Co.,* 102 Minn. 448, 113 N. W. 1017, 1018; *Wellman* v. *Mead, supra,* 93 Vt. 332-334, 107 Atl. 396. An action under a statute allowing recovery for wrongful death is transitory in nature and may be maintained wherever the wrongdoer may be found. *Stewart, Admr.* v. *B. & O. R. R. Co.,* 168 U. S. 445-448, 42 L. ed. 537, 539, 18 Sup. Ct. 105; *Spokane, etc., R. R. Co.* v. *Whitley,* 237 U. S. 487, 59 L. ed. 1060, 1067, 35 Sup. Ct. 655, L. R. A. 1915F, 736; *Higgins* v. *Central N. E., etc., R. R. Co.,* 155 Mass. 176, 180, 29 N. E. 534, 31 A. S. R. 544; *Burns* v. *Grand Rapids, etc., R. R. Co.,* 113 Ind. 169, 15 N. E. 230, 231, 232; *Cincinnati, etc., R. R. Co.* v. *McMullin,* 117 Ind. 439, 20 N. E. 287, 288, 10 A. S. R. 67, and see *Wellman* v. *Mead, supra.*

■ The reason alleged against the enforcement of the New Hampshire statute is that it permits recovery for the pain and suffering of the deceased, in addition to the pecuniary loss of the next of kin, while our own (G. L. 3314, 3315) limits recovery to the latter item. *Lazelle* v. *Newfane,* 70 Vt. 440, 443, 444, 41 Atl. 511; *Legg, Admr.* v. *Britton,* 64 Vt. 652, 659, 24 Atl. 1016. But it is the nature of the cause of action, and not so much the character of the damages that furnishes the test. *Wellman* v. *Mead, supra,* 93 Vt. 332, 107 Atl. 396. "The law of the forum is material only as setting a limit of policy beyond which such obligation will not be enforced there," *Cuba R. R. Co.* v. *Crosby,* 222 U. S. 473, 478, 56 L. ed. 274, 276, 32 Sup. Ct. 132, 38 L. R. A. (N. S.) 40. It has been held that a court will not refuse to entertain an action for wrongful death arising under the statutes of another state, because recovery is allowed thereunder for the pain and suffering of the deceased, which is not permitted by the law of the forum, *Texas, etc., R. R. Co.* v. *Miller,* 60 Tex. Civ. App. 627, 128 S. W. 1165; *Boyle* v. *Southern R. R. Co.,* 36 Misc. Rep. 289, 73 N. Y. S. 465, 466; or where the same question arises as to recovery for the mental anguish of the beneficiary. *Texas, etc., R. R. Co.* v. *Gross,* 60 Tex. Civ. App. 628, 128 S. W. 1173; *Texas, etc., R. R. Co.* v. *Miller, supra.* In *Higgins* v. *Central N. E., etc., R. R. Co., supra,* a cause of action for wrongful death, arising under a Connecticut statute, was enforced in a Massachusetts court. In Connecticut recovery was allowed for exemplary damages and expenses of the suit, but not under a similar statute in Massachusetts. The court said (pp. 181, 182 of 155 Mass., 29 N. E. 534, 536) : "If in the action prosecuted here neither the expenses of the suit nor exemplary nor vindictive damages can be recovered, that fact is no hardship upon the defendant. There is no reason why the plaintiff may not be allowed to waive those elements of damage by bringing his action to a forum where they cannot be allowed." And in *Wooden* v. *Western N. Y., etc., R. R. Co.,* 126 N. Y. 10, 26 N. E. 1050, 1051, 13 L. R. A. 458, 22 A. S. R. 803, the *lex fori,* in an action of this kind, limited the amount recoverable to $5,000, while the *lex loci delicti* set no limit upon it. This restriction was held to pertain to the remedy, not to the right, and not to be a limitation upon the right of action or its inherent elements and character, and that a plaintiff who chose to avail herself of the remedial procedure of the *lex fori* must submit

74

to its remedial limitations and be content with a judgment beyond which its courts could not go. See, also, *Powell* v. *G. N. R. Co., supra,* pages 1018, 1019 of 113 N. W., 102 Minn. 448. The conclusion is warranted that a difference in the elements or amount of damages does not create such a divergence of public policy that an action based upon a wrongful death, statute of one state will for this reason be denied enforcement in the courts of another, although there is no obligation to apply a rule of damage repugnant to that established in the latter jurisdiction.

The declaration recites a New Hampshire statute to the effect that no one shall operate a motor vehicle within that state unless licensed according to law, or permit such a vehicle owned or controlled by him to be so operated by a person not so licensed, and alleges that it is the law of New Hampshire, as announced by the Supreme Court of that state, that the act of a person in driving a motor vehicle therein without a license, is a wrong against third persons and causal in its strictest sense, so that if a collision occurs, such a violation of the prohibition of unlicensed driving renders the offender accountable for the damage resulting from his unlawful act.

The defendants say that this is an averment that in New Hampshire an unlicensed driver is liable for any accident regardless of any fault upon his part, and that this doctrine is contrary to the law and public policy of Vermont wherein the violation of a statute is negligence only when there is a proximate causal connection between it and the injury complained of. *Gilman* v. *C. V. Ry. Co.,* 93 Vt. 340, 346, 107 Atl. 122, 16 A. L. R. 1102; *Hatch* v. *Daniels,* 96 Vt. 89, 92, 117 Atl. 105; *Dervin* v. *Frenier,* 91 Vt. 398, 401, 402, 100 Atl. 760.

The New Hampshire law as thus set forth in the declaration, relates to the right of action, and not to the remedy. *Morrisette* v. *C. P. R. Co.,* 76 Vt. 267, 271, 56 Atl. 1102. Although different from our own, we do not regard it as contrary to pure morals or abstract justice, nor do we consider that its enforcement in the courts of this State would be of evil example or harmful. Since, according to the allegations, the conduct of the defendants in this respect has invested the plaintiff with a right of action, no good reason appears why that right should not be pursued here. *Morrisette* v. *C. P. R. Co., supra,* 76 Vt. 267, 272, 56 Atl. 1102; *Wellman* v. *Mead, supra.*

3. The third question is whether this action has been properly brought in Essex County.

By G. L. 1782, actions before the county court must be brought in the county in which one of the parties resides if either resides in the State. When jurisdiction depends on the party, it is the party named in the record. *Osborn* v. *Bank*, 9 Wheat. 738, 857, 6 L. ed. 204, 232. Where, as here, the plaintiff is an administrator and sues as such, the action is properly brought in the county in which he resides. *Smith* v. *Patterson*, 159 N. C. 138, 140, 74 S. E. 923; *Roberson* v. *Greenleaf, etc., Co.*, 153 N. C. 120, 68 S. E. 1064, 1065; *Illinois Cent. R. R. Co.* v. *Stith's Admr.*, 120 Ky. 237, 85 S. W. 1173, 1174, 1 L. R. A. (N. S.) 1014, 1016, 1017; *Alabama, etc., R. R. Co.* v. *Ambrose*, 163 Ala. 220, 50 So. 1030.

Nor is the application of this rule to the case in hand affected by G. L. 3306 and 3307. The former section provides that: "Nothing in this chapter shall prevent an executor or administrator from commencing and prosecuting an action by attachment or otherwise, or from prosecuting an action commenced by the deceased in his lifetime, for the recovery of a debt or claim to final judgment, or from having execution on a judgment; and, in such case, the defendant may plead in set-off the claims he has against the deceased, instead of presenting them to the commissioners, and mutual claims may be set off in such action, * * * *" and the latter is as follows: "Such action shall be prosecuted in the same towns and counties and before the same courts as they would have been if brought by the deceased person while living." We think it clear that the actions for the recovery of debts and claims mentioned in G. L. 3306, to which G. L. 3307 refers, are such as accrued to the deceased during his lifetime and are prosecuted in his right and for the benefit of his estate, and not those which are based upon rights which do not come into existence until his death and are distinct from and independent of any rights which he may have had while living, and in the prosecution of which the administrator acts, not in behalf of, or for the benefit of, his estate, but only as trustee or agent for the statutory beneficiaries. Chapter 148 of the General Laws, of which sections 3306 and 3307 form a part, relates only to the proof and allowance of claims for or against the estates of deceased persons, that is, those in which the deceased was the obligor or obligee.

The provision of G. L. 3306, that "the defendant may plead in set-off the claims he has against the deceased" has been construed to mean that he shall so plead them, or they will be waived. *Sabin* v. *Kelton,* 54 Vt. 283, 286, 287. A claim is available in set-off only where there is a legal mutuality between the parties. *Kendall* v. *Aldrich,* 68 Vt. 478, 479, 480, 35 Atl. 429; *Congdon* v. *Torrey,* 95 Vt. 38, 43, 112 Atl. 202. If, as the defendants argue, the word "set-off" as used in the statute does not limit the word "claims" to contract rights, but is an additional provision applicable to certain cases where set-off might not otherwise be permissible, and "claims" includes actions of tort, yet as between a defendant having a demand against the deceased, and the statutory beneficiaries in an action brought to recover the pecuniary damages occasioned to them by the wrongful termination of the life of the latter, there can be no such mutuality as will permit a plea in set-off. Such beneficiaries are the real parties in interest because, as we have seen, the administrator, as plaintiff, acts only as their agent, and the estate of his intestate has no interest in the proceedings. Thus, the statute itself, if we construe it in accordance with the contention of the defendants, supports the view that an action based upon Lord Campbell's Act does not fall within its provisions.

*Judgment reversed, and cause remanded.*