JOHN F. JOY, EXECUTOR *v.* SWANTON SAVINGS BANK & TRUST COMPANY.

November Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 2, 1940.

*Sylvester & Ready* for the defendant.

*Jay Chaffee* for the plaintiff.

JEFFORDS, J. This is an action by a foreign executor to recover funds deposited in the name of, and to the credit of, the deceased in defendant bank. The complaint alleges in substance that the deceased at time of his death was domiciled in and a resident of the state of New York. That the plaintiff is the duly qualified executor of his estate by virtue of an appointment by a surrogate's court in that state. That at the time of his death the testator had a deposit in defendant bank which became and was a portion of the estate of the testator which the plaintiff

by virtue of his said appointment was duly authorized under the laws of Vermont to demand payment of with interest accumulated thereon and was so entitled to receive same in his capacity of foreign executor. That the plaintiff in his said capacity has demanded payment of said deposit but that defendant has refused to make payment upon the sole ground that the plaintiff is a foreign executor and as such has no right or standing to demand payment of such money to him. That the testator at the time of his death was not seized or possessed of any land or real estate of any kind located within the state of Vermont, and that no part of the estate of the deceased has or had its situs in this state, and no ancillary administration has been had in this state.

Before trial the defendant filed a motion to dismiss the cause for the following reason:

''That this Court has no jurisdiction over the subject matter as it involves the settlement of an estate, and Probate Courts have exclusive and plenary jurisdiction in the settlement of estates; that the funds in question constitute an asset of the estate, thus the plaintiff's proper method to obtain the same is through ancillary administration.''

This motion was overruled, exception allowed defendant, and the cause was passed to this Court before final judgment under authority of P. L. 2072.

The plaintiff in his brief admits that he has the right to apply for ancillary administration from the Probate Court of the district in which the defendant bank is located. He contends, however, that he is not obliged to resort to such for the purpose of receiving a bank deposit, inasmuch as the Legislature has enacted statutes which expressly provide for payment of bank deposits directly to a foreign administrator or executor. The statutes which he relies upon in support of this contention are P. L. sec. 6719 and 6702 which are as follows:

> Sec. 6719. ''When a deposit is made in a bank by a person residing in another state or country, the deposit, or any part thereof, with the interest thereon, may be paid to the administrator or executor appointed in the state or country where the depositor resided at the time of death, provided an administrator or executor has not been appointed in this state at the time of such payment.''

Sec. 6702. "An action at law or in equity shall not be maintained against a bank for the recovery of a deposit or any part thereof, with the dividend or interest thereon, made by a person residing in another state or country who has deceased, payment of which has been made to the executor or administrator appointed in the state or country where the depositor resided at the time of death, before the appointment of an executor or administrator in this state."

The plaintiff claims, in effect, that the word "may" as used in sec. 6719 should be construed as meaning "must" thus imposing an absolute duty to pay over on demand. The defendant contends that it is here used in its permissive sense only.

 In determining whether the word "may" when used in a public statute is to be construed as imposing an absolute duty or merely a discretionary power the general rule of statutory construction that the true intent and purpose of the Legislature should be carried into effect should be applied. *Kellogg* v. *Page,* 44 Vt. 356, 359, 8 Am. Rep. 383; *Central Vt. R. R. Co.* v. *Royalton,* 58 Vt. 234, 240, 4 Atl. 868; *Minor et al.* v. *Mechanics Bank,* 1 Pet. 46, 7 L. Ed. 47; Sutherland Statutory Construction, vol. 2, sec. 630. The ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the provisions. *Minor et al.* v. *Mechanics Bank, supra.* And see to the same effect *Kellogg* v. *Page, supra;* Sutherland, vol. 2, sec. 640.

██ In ascertaining the intention of the Legislature the history of sec. 6719 becomes material. It originated as No. 92 of the Acts of 1894 which read as follows:

"When a deposit is made in a savings bank, savings institution or trust company by a person residing in the state of New York, Massachusetts or New Hampshire, if no administrator on the estate of the deceased is appointed in their [sic] state within nine months after the death of the depositor the deposit, or any part thereof, with the dividends or interest thereon, may be paid to the administrator or executor appointed in any of the above named states, where the depositor resided at the time of death."

The above appeared as V. S. sec. 4085 without change except for the substitution of "this" for "their" to correct an obvious error.

By No. 53 of the Acts of 1898, V. S. sec. 4085 was amended so as to read as follows:

> "When a deposit is made in a savings bank, savings institution or trust company by a person residing in another state or country, the deposit, or any part thereof, with the dividends or interest thereon, may be paid to the administrator or executor appointed in the state or country, where the depositor resided at the time of death, provided no administrator or executor has been appointed in this state at the time of such payment."

The only change of any consequence from that time to the present was brought about by sec. 15 of No. 158 of the Acts of 1910 which substituted "bank" for the three institutions theretofore named.

■ Under the common law of this state a resident debtor cannot safely pay his debt to the foreign administrator or executor of the estate of his deceased creditor for such legal representative could not release or discharge such debt so as to bind a resident administrator. *Church's Exr.* v. *Church's Estate,* 78 Vt. 360, 63 Atl. 228; *In re Joyslin's Estate,* 76 Vt. 88, 93, 56 Atl. 281; *Abbott, Admr.* v. *Coburn,* 28 Vt. 663, 67 Am. Dec. 735; *Vaughn, Admr.,* v. *Barret,* 5 Vt. 333, 26 Am. Dec. 306. Such was the law at the time of passage of the originating statute heretofore set forth. See last two cases, *supra.*

■■ It is reasonable to assume that the Legislature by the passage of the statute in question intended to remove from a certain class of debtors, to some extent at least, the restrictions imposed on them by the above rule of law. It would seem that the act was passed primarily for the convenience and protection of the banking institutions therein named and no subsequent change in the statute indicates that the original object or purpose has been changed. Nothing can be drawn from the act to show that it was intended to impose upon such debtors the absolute duty of paying over on demand while other debtors were, from a practical standpoint, barred from so doing. Indeed the con-

trary appears, for as originally drawn, the statute only permitted the payment to foreign representatives from three neighboring states and then not until nine months after the death of the depositor.

■■ It seems clear to us that the word "may" was used in the act as originally passed and as it now stands in its ordinary meaning of permission only. Under this construction a bank need pay under the provisions of the statute only when in its discretion it is deemed advisable so to do and can by the exercise of its sound judgment and discretion protect the interests of resident creditors of the deceased to the funds on deposit. It cannot be reasonably assumed that the Legislature intended to impose an absolute duty to pay over and thus afford a speedy opportunity to remove from the jurisdiction assets which should be applied to the payment of claims of resident creditors.

■ The plaintiff claims, in effect, that since no ancillary administration has been taken out that the defendant is fully protected on payment by the provisions of sec. 6702. He may be right in his claim in this respect but protection against discretionary action cannot change the same to one of absolute duty. We might add that it is difficult to perceive the necessity of the protection afforded by sec. 6702 if a bank has paid over under command of sec. 6719.

■■ It follows from what we have said that the defendant's motion should have been granted. Inasmuch as we are authorized by P. L. 2072 to enter final judgment in causes passed to us under the provisions of that statute the order is:

*Judgment overruling the motion is reversed, and judgment for the defendant to recover its costs.*