Honey **WEINSTEIN**, Administratrix of the Estate of Andrew Weinstein.

v.

**MEDICAL CENTER HOSPITAL OF VERMONT, INC., et al.**

Civ. A. No. 6390.

United States District Court,
D. Vermont.

Nov. 8, 1972.

Lisman & Lisman, Burlington, Vt., for plaintiff.

Wick, Dinse & Allen, Burlington, Vt., for defendant Medical Center Hospital of Vermont, Inc.

Pierson, Affolter & Amidon, Burlington, Vt., for defendant Dr. Charles Ravariz.

Theriault & Joslin, Montpelier, Vt., for defendant Dr. Massoud Azar.

## OPINION

HOLDEN, Chief Judge.

The plaintiff administratrix is a citizen and resident of the State of New York. She is the mother of Andrew Weinstein. She brings this action for the wrongful death of her son Andrew, alleging that his suicide on January 13, 1971, at Ripton, Vermont, while on pass from confinement in the Medical Center, as a patient of Dr. Ravaris and Dr. Azar, was caused by their negligence and that of the hospital in the care and treatment of the decedent.

The plaintiff was issued letters of administration in the estate of Andrew Weinstein by the Surrogate Court of the County and State of New York on February 10, 1971. No letters of administration have been issued by the Probate Court for the District of Addison, where the decedent's death occurred and, according to the plaintiff, where he was temporarily living at the time of his death.

These facts are gathered from the pleadings, the plaintiff's admission of facts, her answers to the interrogatories submitted by the defendant and the affidavit of the register of the Probate Court for the Addison District. The defendants have moved to dismiss the complaint on the ground that the plaintiff lacks the requisite judicial capacity to prosecute the action. Since the plaintiff instituted the suit as administratrix, her capacity to maintain the action is determined according to the law of Vermont. Fed.R.Civ.P. 17(b).

Under the law of this state, letters of administration issued to a representative by the courts of a foreign state have no extra territorial force beyond the state of his appointment. Such a representative is without authority to discharge a debt or release a claim which has its situs in Vermont. And a foreign administrator is without standing to prosecute the claim of his decedent unless authorized by ancillary letter issued here. Joy, Executor v. Swanton Savings Bank & Trust Co., 111 Vt. 106, 110, 10 A.2d 216; Church's Executor v. Church's Estate, 78 Vt. 360, 363, 63 A. 228; Vaughn v. Barret, 5 Vt. 333, 336–337. The rule has been recognized and applied by the federal courts in this district. Allen et al. v. Fairbanks, 36 F. 402 (2nd Cir. 1888). See also, Wilkins v. Ellett, Administrator, 108 U.S. 256, 2 S.Ct. 641, 27 L.Ed. 718 (1883); Restatement, Conflict of Laws § 507; annotation 52 A.L.R.2d 1016.

It has been suggested, by way of dicta, that a foreign administrator may maintain an action in Vermont under a wrongful death statute for a right and remedy created by the law of New Hampshire for a death that occurred in that jurisdiction. Brown, Admr. v. Perry, 104 Vt. 66, 71, 156 A. 910 (1931). In that instance, however, ancillary letters of administration had been issued by the probate court in Vermont.

By the 1961 amendment to the Vermont statute, the net proceeds of a recovery for a death by wrongful act, whether by settlement or action, must be decreed by the probate court having jurisdiction of the decedent's estate. It is mandatory that the probate court decree the distribution of the amount recovered pursuant to the final judgment order of the county court or superior judge in the special proceedings provided in the statute. 14 V.S.A. § 1492(c)

(1961, No. 250).[1] See, In re Estate of Brown, 129 Vt. 230, 275 A.2d 1 (1971).

Whether the plaintiff is regarded as the representative of the decedent, or trustee for the beneficiaries, as in Brown, Admr. v. Perry, supra, 104 Vt. at 71, 156 A. 910, it is implicit in the 1961 enactment that the plaintiff is without standing to procure a judgment or settle a claim under the statute without the aid of ancillary administration in Vermont. Since the plaintiff must respond to the orders of the state court having jurisdiction to determine the beneficiaries and decree the proceeds, she is without capacity to maintain the present action until she has authority to proceed by way of ancillary letters of administration. This result makes it unnecessary to consider the defendants' motion for summary judgment.

1. § 1492. Action for death from wrongful act; procedure damages
(c) The amount recovered shall be for the benefit of such wife and next of kin or husband and next of kin, as the case may be and shall be distributed by such personal representative as hereinafter provided. Such distribution, whether of the proceeds of a settlement or or of an action, shall be in proportion to the pecuniary injuries suffered, the proportions to be determined upon notice to all interested persons in such manner as the county court, or in the event such court is not in session a superior judge, shall deem proper and after a hearing at such time as such court or judge may direct, upon application made by such personal representative or by the wife, husband or any next of kin. The distribution of the proceeds of a settlement or action shall be subject to the following provisions, viz:

(1) In case the decedent shall have left a spouse surviving, but no children, the damages recovered shall be for the sole benefit of such spouse;

(2) In case the decedent leaves neither spouse nor children, but leaves a mother and leaves a father who has abandoned the decedent or has left the maintenance and support of the decedent to the mother, the damages or recovery shall be for the sole benefit of such mother;

(3) In case the decedent leaves neither spouse nor children, but leaves a father and leaves a mother who has abandoned the decedent, the damages or recovery shall be for the sole benefit of such father;

(4) No share of such damages or recovery shall be allowed in the estate of a child to a parent who has neglected or refused to provide for such child during infancy or who has abandoned said child whether or not such child dies during infancy, unless the parental duties have been subsequently and continuously resumed until the death of the child;

(5) No share of such damages or recovery shall be allowed in the estate of a spouse to his or her surviving spouse who has abandoned the decedent or in the estate of a wife to a husband who has persistently neglected to support his wife prior to her death;

(6) The county court or superior judge, as the case may be, shall have jurisdiction to determine the questions of abandonment and failure to support under subdivisions (2), (3), (4) and (5) of this section and the probate court having jurisdiction of the decedent's estate shall decree the net amount recovered pursuant to the final judgment order of the county court or superior judge.

(d) A party may appeal from the findings and decision rendered pursuant to subsection (c) of this section as in causes tried by a court.