Pascarella v. Perry, No. 709-9-09 Rdcv (Cohen, J., Feb. 22, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| HENRY W. PASCARELLA, | ) | **Rutland Superior Court** |
| | ) | **Docket No. 709-9-09 Rdcv** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BEYHAN A. PERRY, | ) | |
| | ) | |
| Defendant | ) | |

## DECISION ON DEFENDANT'S MOTION TO DISMISS, FILED NOVEMBER 9, 2009, and PLAINTIFF'S MOTION FOR JOINDER, FILED DECEMBER 9, 2009

Plaintiff Henry Pascarella seeks to void the transfer of real estate made by the late Farwell Perry prior to his death. Defendant Beyhan Perry moves to dismiss, arguing that Plaintiff, as foreign administrator of her late-husband's estate, is without standing to bring this action. Plaintiff also seeks to join Morgan Perry and James Perry, the children of the late Mr. Perry, on the basis that their claim as to the real estate is identical to Plaintiff's.

Plaintiff is represented by Christopher Corsones, Esq. Defendant is represented by John S. Liccardi, Esq.

## BACKGROUND

Farwell Perry was the owner of land located in Wallingford, Vermont. In August 2007, he executed a deed placing the entire property in joint tenancy with his wife Beyhan Perry and himself. Farwell Perry died on May 18, 2009. By virtue of his death, Ms. Perry became the sole owner of the property.

Henry Pascarella was appointed as Temporary Administrator of the Estate of Farwell Perry by Order of the Probate Court for the District of Greenwich, Connecticut, issued May 19, 2009. Mr. Pascarella was named Temporary Administrator pursuant to a Last Will and Testament of Farwell Perry, dated April 13, 2005.

However, Farwell Perry left a more recent Last Will and Testament dated October 31, 2008. That Will was admitted to probate in the Probate Court of Rutland, Vermont, on September 1, 2009. On that same date, William G. Post, Jr. was appointed Administrator of the Estate of Farwell Perry. The Order of the Rutland Probate Court specifies that all known heirs and the surviving spouse consented to the allowance of Farwell Perry's Last Will and Testament dated October 31, 2008.

Mr. Pascarella now seeks to void the real estate transfer by Farwell Perry which created the joint tenancy with his wife in the Wallingford property. He alleges that Mr. Perry lacked sufficient legal mental capacity to understand the full ramifications of the creation of the joint tenancy and that his wife, Beyhan Perry, exercised unlawful undue influence over Mr. Perry in regards to the execution and delivery of the deed.

In her Motion to Dismiss, Beyhan Perry argues that Mr. Pascarella lacks standing to bring this action and that joinder of Farwell Perry's children is not proper. In response, Mr. Pascarella requests that the Court stay its decision until his appeal is decided as to Probate Court's allowance of the Will.

## DISCUSSION

Under Vermont law, the right to bring an action for recovery of property on behalf of a deceased devolves to the duly appointed administrator:

> [a]n executor or administrator may commence, prosecute or
> defend, in the right of the deceased, actions which survive

2

to such executor or administrator and are necessary for the recovery and protection of the property or rights of the deceased and may prosecute or defend such actions commenced in the lifetime of the deceased.

14 V.S.A. § 1401.

Thus, Morgan Perry and James Perry are not proper parties for joinder under either V.R.C.P. 19(a) or V.R.C.P. 20, as the statute does not provide for heirs to bring such an action for recovery of property.

Vermont law also requires that a foreign administrator seeking to prosecute a claim in this state on behalf of his decedent must first receive ancillary letters of administration from a probate court in Vermont. "[A] foreign administrator is without standing to prosecute the claim of his decedent unless authorized by ancillary letter issued here." *Weinstein v. Medical Center Hospital of Vermont, Inc.*, 358 F.Supp. 297, 298 (D.Vt. 1972) (citing *Joy, Executor v. Swanton Savings Bank & Trust Co.*, 111 Vt. 106, 110 (1940); *Church's Executor v. Church's Estate*, 78 Vt. 360, 363 (1906); *Vaughn v. Barret*, 5 Vt. 333, 336-337 (1833)).

Plaintiff does not dispute that he has not received ancillary letters of administration from a probate court in Vermont. Thus, he is without standing to prosecute this claim for recovery of the property and his action is dismissed without prejudice. Plaintiff may re-file his claim should he receive the proper ancillary letters of administration.

## ORDER

(1)    Defendant's Motion to Dismiss, filed November 9, 2009, is GRANTED.

(2)    Plaintiff's Motion for Joinder, filed December 9, 2009, is DENIED.

3

(3)     Plaintiff's action is dismissed WITHOUT prejudice. He may re-file his action if he receives the proper ancillary letters of administration.

Dated at Rutland, Vermont this _____ day of _____, 2010.


_____
Hon. William Cohen
Superior Court Judge