DENNIS SIMMONS v. THE NORFOLK AND BALTIMORE STEAM-
BOAT COMPANY.

*Corporation—Abuse of Powers—Place of Business—Forfeit-
ure—Dissolution at Suit of Stockholders.*

1. It is a tacit condition of a grant to a corporation that the grantees
shall act up to the end or design for which they are incorporated;
and hence, through neglect or abuse of its franchises, a corpora-
tion may forfeit its charter as for condition broken, or for breach
of trust.

2. Unless provided otherwise in the charter, it is the duty of a corpora-
tion to keep its principal place of business, its books and records,
and its principal officers within the State which incorporated, it to
an extent necessary to the fullest jurisdiction and visitorial power
of the State and its Courts and the efficient exercise thereof in all
proper cases which concern said corporation.

3. The persistent failure of a corporation chartered in this State to main-
tain its principal place of business within the State as required by
its charter, and the withdrawing of all its agencies from the State,
will authorize the Courts to decree a dissolution of such corpora-
tion upon the suit of a stockholder, under Section 694 (ch. 16) of
*The Code.*

4. Where a summons in a special proceeding was improperly made
returnable to the Superior Court in Term, it was proper for the
Judge to remand the proceeding, with directions that the summons
be amended so as to make it returnable before the Clerk on a day
certain.

This was an action commenced by summons issued to
September Term, 1892, of the Superior Court of Martin
County, for the purpose of dissolving the defendant company,

a corporation formed in 1880, under the Act of 1871–'72, and for a receiver to take possession of the property of the defendant and wind up the affairs. At said term plaintiff filed his complaint, and ninety days were given to the defendant to file answer.

Using his complaint as an affidavit, the plaintiff applied to the Judge at chambers, and obtained an order for the defendant to show cause before the Judge at chambers, in Greenville, on the 22d of September, 1892, why a receiver of the defendant company should not be appointed as prayed. The said order was served on the defendant, and was heard by the Judge upon complaint of plaintiff, used as affidavit, and the affidavits of John D. Briggs and J. A. Teel, on the part of the plaintiff, and the answer of the defendant not filed in Court, but used on the hearing of the order to show cause as on affidavit, and the affidavit of Thomas Skinner, and exhibit of the treasurer of the company on the part of defendant, all of which are in the records of this action. Among other causes assigned by the defendant why a receiver should not be appointed were that the motion was made in an action of which the Judge did not have jurisdiction, the summons therein being returnable before the Judge at term, and not before the Clerk as a special proceeding, as appeared from the complaint used on this hearing as an affidavit, and that the parties required by *The Code* had not been made, and that not only should a receiver be denied, but the proceedings should be dismissed. This was resisted by plaintiff and no motion to remand or amend was made. After argument the Judge took the papers by consent for consideration and decision. On the 4th day of October, 1892, one of the attorneys for the plaintiff filed in the Clerk's office of Martin County the order of the Judge, which was as follows:

"The cause is remanded to the Clerk of the Superior Court of Martin County, with directions to amend the summons so

as to make it returnable before him on the first Monday of November, 1892. As the summons has already been served on the defendant corporation, and it has filed an answer, it will take notice of the amendment and file any other answer, if it is so advised, on or before that date. The Clerk is directed to have a copy of the amended summons posted at the courthouse door in said county for three successive weeks, and in addition have the same published for three successive weeks, as required by section 695 of *The Code,* in manner and form as therein stated.

"After the said return day the Clerk is directed to certify the issues and papers in the cause and put said cause upon the civil issue docket for trial at ensuing December Term of Martin Superior Court. As this is a cause where delay might be seriously injurious to the interests of plaintiff and his associate stockholders, it may be set for trial on Monday, the first day of said term. As I see no immediate danger in so doing, I will continue the motion for a receiver until said term, without prejudice. The Clerk will see that the summons is duly published and proof of publication made by said return day.

G. H. BROWN, Jr., *Judge, etc.*"

Thereupon, the Clerk made the following order:

"The order of his Honor G. H. Brown, Jr., Judge of the Superior Court, having been filed in this Court with the other papers in the cause, it is ordered, in obedience and in accordance with said order, that the summons originally issued herein be and the same is hereby amended by making the same returnable before the undersigned Clerk of the Superior Court of Martin County on Monday, November 7, 1892, at his office in the town of Williamston, county and State aforesaid; and further, that in said amended summons the plaintiff be made to declare or sue in behalf of all other corporators, creditors, dealers and others interested in the affairs of the defendant company, who will come in and make them-

selves parties to this proceeding. It is further ordered that a copy of said amended summons be posted for,three weeks at the court-house door in Williamston, and that service of the same be made upon all corporators, creditors, dealers and others interested in the affairs of the defendant company, by publication of a copy of said summons for three weeks in the *State Chronicle*, a newspaper published in the city of Raleigh, State aforesaid. It is ordered that all parties hereto shall have until November 7 to file pleadings herein."

Within ten days after notice of said orders the defendant appealed therefrom, assigning as grounds that the Judge should have dismissed the motion for a receiver, and that he had no jurisdiction or authority to make said orders, or either of them.

The substance of the complaint is set out in the opinion of Chief Justice SHEPHERD.

*Mr. Don. Gilliam*, for plaintiff.
*Messrs. Batchelor & Devereux* and *J. E. Moore*, for defendant (appellant).

SHEPHERD, C. J.: This proceeding is brought for the purpose of obtaining a decree of dissolution against the defendant company, and the most important question to be considered is whether the complaint sets forth facts sufficient to entitle the plaintiff to the relief prayed for.

The defendant was incorporated under the general act for the formation of corporations (*The Code*, ch. 16), and it is therein provided, among other things, that all corporations so created may be dissolved by "special proceedings" instituted by any corporator "for any abuse of its powers to the injury of the plaintiff or of the corporators; or of its creditors or debtors." Section 694.

The articles of incorporation provide that the business of the defendant shall be the "transportation of produce and

merchandise and all other kinds of freight and passengers to and from the various landings on the Roanoke river in North Carolina to and from the cities of Norfolk in Virginia and Baltimore in Maryland, and to and from said cities to the said landings, and to and from all other points intermediate between said river and said cities, and its principal place of business shall be at Williamston" in this State. The plaintiff, who is one of the corporators, alleges that in 1887 the control and management of the defendant corporation passed into the hands of non-resident stockholders, "since which time the original aim and purpose of said corporation has been departed from, the value of the company's property greatly depreciated, the business fallen away and its general affairs gradually but steadily grown worse." It is further alleged "that for more than a year now past the defendant company has altogether ceased to operate said ports or any of them within this State; that no single agency or place of business has been maintained within this State, and that the town of Williamston has been absolutely discontinued as the principal place of business of said company, as required by said article of incorporation."

"It is a tacit condition of a grant to a corporation that the grantees shall act up to the end or design for which they are incorporated, and hence, through neglect or abuse of its franchises, a corporation may forfeit its charter as for condition broken, or for breach of trust. The duties assigned by an act of incorporation are conditions annexed to the grant of the franchises conferred (Angell & Ames Corp., § 776), "and duties implied are equally obligatory with duties expressed, and their breach is visited by the same consequences." *Attorney General* v. *Railroad,* 6 Ired., 456; Field on Corp., 456n.

It has been held, without reference to any express provision of law or specific requirement of the charter, that it is the duty of a corporation to keep its principal place of business, its books and records and its principal officers within the

State which incorporated it, to an extent necessary to the fullest jurisdiction and visitorial power of the State and its courts, and the efficient exercise thereof in all proper cases which concern said corporation. *State, etc.*, v. *Railroad*, 45 Wis., 579. In commenting upon this decision, Mr. Morawetz (Pr. Corp., 361) says: "This doctrine is correct only provided the Legislature has expressed the policy of the State by some special enactment, or by a general system of legislation regarding incorporated companies. There is no such rule at common law. It is always implied in the grant of a charter of incorporation, where there is no indication to the contrary, that the company shall have its central office or place of management in a State under whose laws it was organized. This, however, is merely a rule applicable to the construction of charters in determining the intention of the corporators and of the State, and is not an arbitrary rule of law." Accepting the principle as thus modified, and applying it to a corporation doing business, like the defendant, exclusively under a charter granted in this State, it would seem very clear that by the policy of our laws, as indicated by "a general system of legislation," the duty referred to is imposed upon the defendant. We have many statutes which plainly contemplate that such a corporation shall keep its principal place of business, certainly some of its agencies, within the limits of the State. Of such are sections 362 and 363 of *The Code,* relating to the attachment of shares of stock in corporations and the interest and profits thereon, and authorizing the service of a certified copy of the warrant of attachment on "the president or other head of the association or corporation, or with the secretary, cashier or managing agent thereof." Of such also are the provisions of Section 694 of *The Code,* authorizing the dissolution of the corporation upon the return of an execution unsatisfied upon a judgment docketed in the Superior Court of the county "where it has its only or principal place of business."

Reference may also be had to the visitorial powers conferred upon the Board of Railroad Commissioners, which, together with other provisions of the law, clearly show that a corporation of this character cannot entirely withdraw all of its offices and agencies from the State.

The decision in *State* v. *Railroad*, 45 Wis., 579, *supra*, was based, to some extent, upon similar statutory provisions, and the general principle of that case has been here discussed for the purpose of showing that the express provision of the charter of the defendant, requiring its principal place of business to be at Williamston in this State, may well be sustained by the general policy of our laws. The case is also direct authority that such a violation by a corporation of its charter is "an *abuse* and misuser of its corporate powers," and is within the spirit and meaning of our statute upon the subject. Without considering, then, the other causes assigned in the complaint, we are of the opinion that the persistent violation of the charter in withdrawing, as alleged, the principal place of business from Williamston, and all of its agencies from the State, would authorize the Court to decree a dissolution of the defendant corporation. *Attorney General* v. *Railroad, supra.*

The summons in this proceeding was improperly made returnable to the Superior Court in term, and his Honor remanded the proceeding with directions that the summons be amended so as to make it returnable before the Clerk on a day certain. This order, together with the other directions to the Clerk, is fully sustained by the principle laid down in *Epps* v. *Flowers*, 101 N. C , 158. The judgment must be

Affirmed.