H. A. ROBERSON, Administrator, v. THE GREENLEAF JOHNSON LUMBER COMPANY.

(Filed 29 September, 1910.)

1. **Domestic Corporations—Principal Office—Foreign Office—Venue.**
     While a domestic corporation may be authorized to maintain an office at a place beyond the State, at which some corporate meetings may be held, it is also required to maintain a principal office in some county in this State, which fixes its place of residence therein for the purpose of suing and being sued.

2. **Interpretation of Statutes—Domestic Corporations—Remedial—Venue.**
     The purpose of Revisal, sec. 422, was not to change the provisions of sec. 424, or to deny plaintiff's right to sue a domestic cor-

poration in the county of his residence; but to remedy the defect of said sec. 424 so that a domestic corporation can be sued in the same venue as an individual, excepting railroads in certain speci-·fied instances, and where the venue is fixed by secs. 419, 420, 421.

**3. Same—Railroads.**

In an action by ·plaintiff for damages arising from a negligent killing of her intestate, it is immaterial to consider for the purposes of removal of the action, whether the defendant, operating a steam railroad for hauling its own logs, was a railroad within the meaning of Revisal, sec. 424; it appearing that both plaintiff and her intestate were residents of the county in which the action was brought at the time the cause of action accrued, and that plaintiff was a resident thereof at the time of bringing the action.

APPEAL from *Guion, J.,* at the March Term, 1910, of MARTIN.

Civil action heard by *Guion, J.,* at March Term, 1910, of the Superior Court of Martin County, on the motion of defendant for a change of venue of the trial. The plaintiff instituted this action against the defendant, a corporation, in Martin County, to recover damages for the negligent killing of her intestate, J. W. Roberson, while in the service of the defendant. The injuries resulting in immediate death of Roberson were received by him in Warren County. His Honor found the following facts: "That the plaintiff administratrix and her intestate were residents of the county of Martin at the date of the alleged death of intestate; that the Greenleaf Johnson Lumber Company is a corporation engaged in the lumber business, with its principal office and place of business in Warren County, and in connection with its lumber business is engaged in running and operating a steam railroad for the transportation of its own logs and lumber only, and neither equipped for nor engaged in the transportation of passengers thereon; said railroad being operated under and by virtue of the special acts of the General Assembly, Private Acts 1889, ch. 27." Whereupon his Honor denied the motion for a change of venue and the defendant excepted and appealed to this Court.

No counsel for plaintiff.
*Winston & Matthews* for defendant.

MANNING, J.   While sec. 3 of the act incorporating the defendant (Private Laws of 1889, ch. 27) provides that Norfolk, Virginia, shall be the place of its principal office, this Court held in *Simmons v. Steamboat Company,* 113 N. C., 147: "It has been held without reference to any express provision of law or specific requirement of the charter, that it is the duty of a corporation to keep its principal place of business, its books and records and its principal officers within the State which incorporates it, to an extent necessary to the fullest jurisdiction and visitorial power of the State and its courts, and the efficient exercise thereof in all proper cases which concern said corporation."   While at the time of that decision (1893) there was no statute specifically imposing such duty upon a corporation created under the laws of this State, it was held that there was "a general system of legislation" imposing such duty. But the Act of 1901, now sec. 1179, specifically requires that, "Every corporation shall maintain a principal office in this State, and have an agent in charge thereof, wherein shall be kept the stock and transfer books for the inspection of all who are authorized to see same, and for the transfer of stock," and the same act, now sec. 1176, Revisal, provides the method to be pursued to change the location of the principal office from one place in the State to another in the State.   Although a domestic corporation may be authorized to maintain an office at some point beyond the State, at which some corporate meetings may be held, under our present statutes the corporation is not absolved from the duty of maintaining a *principal* office in some county in this State, which fixes its residence in such county for the purpose of suing and being sued. *Garrett v. Bear,* 144 N. C., 23.   The words "principal place of business," as used in sec. 422, Revisal, must be regardeed as synonymous with the words "principal office," as used in secs. 1137, 1176, 1179, and other sections of the Revisal.   The purpose of sec. 422, Revisal, was not to change the provisions of sec. 424, Revisal, or to deny to a plaintiff the right to bring his action against a domestic corporation in the county in which he resides, except, of course, in those causes of action where the venue for trial is particularly fixed by other sections of the Revisal, such as secs. 419, 420,

421, Revisal. *Propst v. R. R.,* 139 N. C., 397. The sole purpose of this section was to remedy a defect in our statute law, as construed in *Cline v. Mfg. Co.,* 116 N. C., 837; *Farmer's State Alliance v. Murrell,* 119 N. C., 124, in which cases it was held that a domestic corporation had no residence within the meaning of sec. 424, Revisal (Code, sec. 192), although it had a principal office or place of business in the State and, being without a legal residence in any particular county in the State, it could be sued to its great inconvenience and loss, by a non-resident in any county designated in the summons. This defect was remedied; and a domestic corporation can be sued in the same venue as an individual, except railroads under the proviso of sec. 424, Revisal. His Honor also finds that the intestate, at the time the injury was received resulting in his death, was a resident of Martin County, and that the plaintiff, his administratrix, was a resident of the same county at the commencement of the action. It is immaterial, in determining the proper venue of this action, to decide whether the defendant is a "railroad" within the meaning of that word as used in the proviso to sec. 424, Revisal, it being alleged that the plaintiff, an employee, was negligently killed on defendant's lumber road, because if a "railroad" (as that word is applied in *Blackburn v. Lumber Co.,* 152 N. C., 361, and cases cited), Martin County was the residence of the plaintiff and her intestate at the time the cause of action accrued; and if not a "railroad," then the action was properly brought in that county, as the plaintiff resided therein at the commencement of the action. We think his Honor properly denied the motion of defendant to change the venue, and his judgment is

Affirmed.