### HENRY M. WALKER v. AMERICAN BAKERIES COMPANY.

(Filed 7 November, 1951.)

1. **Statutes § 5a—**

Subsections of an act should be read together so as to harmonize them and give effect to each without repugnancy or inconsistency if possible.

2. **Automobiles § 14—**

Neither G.S. 20-150 (b) nor G.S. 20-150 (d) applies unless the driver is proceeding upon a curve, in which event if the curve is marked by a center line the driver is forbidden to drive to the left thereof, and if the curve is not so marked he may not drive to the left of the highway to pass an overtaken vehicle unless his view is unobstructed for a distance of 500 feet.

3. **Same—**

Where there is conflicting evidence as to whether the accident occurred on a curve and whether there was a center line on the highway, an instruction to the effect that if plaintiff had an unobstructed view for 500 feet or more the law did not prohibit him from driving to the left of the center line, must be held for prejudicial error.

4. **Same—**

Although G.S. 20-150 (b) and G.S. 20-150 (d) are designed primarily to prevent a vehicle, in passing an overtaken vehicle, from colliding with another vehicle approaching from the opposite direction, the statutes are germane in an action involving a collision between overtaking and overtaken vehicles, since the driver of the overtaken vehicle is not required to anticipate that the other vehicle will attempt to pass in violation of statute.

APPEAL by defendant from *Phillips, J.,* and a jury, at the February Term, 1951, of the Superior Court of CABARRUS County.

Civil action to recover damages for injury to plaintiff's tractor-trailer combination allegedly caused by actionable negligence of driver of defendant's truck.

The accident occurred upon United States Highway No. 29 in Cabarrus County, North Carolina, on 8 December, 1949, when the plaintiff's tractor-trailer combination overtook and attempted to pass the defendant's panel truck, which was admittedly being operated by its regular driver on a business mission for the defendant.

The plaintiff's evidence made out this case:

The two vehicles were traveling south along the right side of the highway at a speed of 35 miles an hour, the tractor-trailer combination in the rear of the truck. On reaching a point where the highway was virtually level and straight, the plaintiff observed that the left side of the highway was clearly visible and free of oncoming traffic for about 600 feet ahead. The plaintiff forthwith gave the driver of the defendant's truck an audible warning with his horn of his intention to pass the truck,

and drove his tractor-trailer combination onto the left side of the highway at an accelerated speed in order to pass the defendant's truck, which was still proceeding southward along the right side of the highway. Just as the tractor-trailer combination was catching up with the truck, the driver of the truck swerved the truck sharply to the left without prior signal or warning, and entered upon the left side of the highway directly in front of the overtaking tractor-trailer combination for the apparent purpose of crossing the left side of the highway and going to a service station standing nearby. On being confronted by this emergency, the plaintiff turned his tractor-trailer combination to the left and drove it from the highway to avoid the impending collision with the truck. As a consequence, the tractor-trailer combination was overturned and substantially damaged.

According to the defendant's testimony, the accident happened in this way:

The driver of the southbound truck intended to visit the store of a customer on the left of the highway. After looking and listening in vain for approaching vehicles, and giving a hand signal from the left side of the truck during the last 100 feet traveled indicating his purpose to make a left turn across the highway at the store, the driver pulled the truck to the left. As the left front wheel of the truck crossed the center of the highway, the plaintiff's tractor-trailer combination came upon the scene from the rear at a speed of approximately 60 miles an hour, passed between the truck and the store, left the highway, and overturned.

The evidence for the plaintiff indicated that he attempted to pass the overtaken truck on a straight stretch of unmarked highway, whereas the testimony for the defendant tended to show that the accident occurred upon a curve in the highway marked by a visible center line placed upon the highway by the State Highway and Public Works Commission.

Issues were submitted to and answered by the jury as follows:

1. Was the plaintiff's vehicle damaged by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Was the plaintiff guilty of contributory negligence, as alleged in the answer? Answer: No.

3. What damage, if any, is plaintiff entitled to recover? Answer: $2,650.00.

The court entered judgment on the verdict, and the defendant appealed, assigning excerpts from the charge as error.

*John Hugh Williams for plaintiff, appellee.*

*Hartsell & Hartsell for defendant, appellant.*

ERVIN, J. The defendant deems the question of the sufficiency of the plaintiff's evidence to carry the case to the jury foreclosed against it by prior decisions. *Grimm v. Watson,* 233 N.C. 65, 62 S.E. 2d 538; *Pridgen v. Produce Co.,* 199 N.C. 560, 155 S.E. 247; *Stevens v. Rostan,* 196 N.C. 314, 145 S.E. 555. For this reason, it does not assign as error the refusal of the trial judge to dismiss the action upon a compulsory nonsuit.

Its counsel earnestly contend, however, that the judge committed error in giving the jury this instruction: "The court charges you if there was a solid line and if the plaintiff had a clear unobstructed view for a distance of 500 feet or more, the law did not require him to wait until he got away from this line before he could pass."

The driver of an automobile desiring to pass an overtaken vehicle must observe the statutory regulations which prohibit passing at certain places on the highway. Two of these regulations forbid the overtaking and passing of vehicles upon curves in the highway where specified conditions exist. They are as follows:

1. "The driver of a vehicle shall not overtake and pass another vehicle proceeding in the same direction . . . upon a curve in the highway where the driver's view along the highway is obstructed within a distance of five hundred feet." G.S. 20-150 (b).

2. "The driver of a vehicle shall not drive to the left side of the center line of a highway . . . upon a curve in the highway where such center line has been placed upon such highway by the state highway and public works commission, and is visible." G.S. 20-150 (d).

These regulations are parts of the same statute. It is a basic rule of statutory construction that "the various provisions of an act should be read so that all may, if possible, have their due and conjoint effect without repugnancy or inconsistency, so as to render the statute a consistent and harmonious whole." 50 Am. Jur., Statutes, section 363. See, also, in this connection: *Rice v. Panel Co.,* 199 N.C. 154, 154 S.E. 69; *Jones v. Board of Education,* 185 N.C. 303, 117 S.E. 37.

When this rule is applied in this case, it is evident that the statutory provisions under consideration are harmonious rather than conflictive. They are not designed to regulate the behaviour of the operator of an overtaking automobile in any event unless he is traveling upon a curve in the highway. Whether the one statutory regulation or the other applies to the driver of an overtaking vehicle proceeding upon a curve in the highway depends on whether the curve is marked by a visible center line placed upon the highway by the State Highway and Public Works Commission. Where the curve is so marked, the action of the operator of the overtaking automobile is governed by G.S. 20-150 (d), which forbids him to drive to the left side of the center line in order to pass the overtaken vehicle; and where the curve is not so marked, the conduct of the driver

of the overtaking automobile is controlled by G.S. 20-150(b), which permits him to pass the overtaken vehicle unless his view along the highway is obstructed within a distance of five hundred feet.

The instruction under examination would be unobjectionable if all of the testimony supported the plaintiff's contention that he overtook and attempted to pass the defendant's truck upon a straight stretch of highway. Furthermore, it would be harmless if all the evidence indicated that the event occurred upon an unmarked curve. But the defendant introduced testimony tending to show that the plaintiff undertook to pass the overtaken truck upon a curve in the highway marked by a visible center line placed upon the highway by the State Highway and Public Works Commission. In the light of this evidence, the wholly unqualified instruction that the plaintiff had the legal right to cross the center line in order to pass the overtaken truck constituted prejudicial error, entitling defendant to a new trial. The unqualified instruction nullified the provisions of G.S. 20-150(d).

Although the statute is designed primarily to prevent collision between an overtaking automobile and a vehicle coming from the opposite direction, its provisions are germane to litigation between an overtaking motorist and the driver of an overtaken vehicle if there is evidence to the effect that the underlying accident was occasioned by an unsuccessful effort on the part of the former to pass the latter upon a marked curve. The driver of the overtaken vehicle is certainly not required in such case to anticipate that the latter will attempt to pass in violation of the statute.

New trial.