Automotive Restyling Concepts, Inc. v. Central Service Lincoln Mercury, Inc.

Affirmed.

Judges COZORT and GREENE concur.

---

AUTOMOTIVE RESTYLING CONCEPTS, INC. v. CENTRAL SERVICE LIN-
COLN MERCURY, INC.

No. 878DC144

(Filed 15 September 1987)

**Appeal and Error § 6.3— claim of no personal jurisdiction by Virginia court—
action to enforce judgment—appeal interlocutory**

Defendant's appeal from an order denying its motion to dismiss for lack of
personal jurisdiction is interlocutory and is dismissed where defendant's mo-
tion was based on its claim that the Virginia judgment against it, which plain-
tiff sought to enforce by this action, was void in North Carolina because the
Virginia court lacked personal jurisdiction over defendant, but the trial court's
*in personam* jurisdiction clearly encompassed defendant, a North Carolina cor-
poration with its principal office in Goldsboro, and whether the Virginia court
properly asserted *in personam* jurisdiction over defendant was an issue to be
determined by the trial court.

APPEAL by defendant from *Goodman, Judge*. Order entered
29 October 1986 in District Court, WAYNE County. Heard in the
Court of Appeals 2 September 1987.

*Judson H. Blount, III, attorney for plaintiff-appellee.*

*Barnes, Braswell, Haithcock & Warren, by Glenn A. Barfield,*
*attorney for defendant-appellant.*

ORR, Judge.

Defendant has appealed an order denying its motion to dis-
miss for lack of personal jurisdiction. The motion, however, is
based on defendant's claim that the Virginia judgment against de-
fendant, which plaintiff seeks to enforce by this action, is void in
our state because the Virginia court lacked personal jurisdiction
over defendant.

Our trial court's in personam jurisdiction clearly encompasses
defendant, a North Carolina corporation with its principal office
in Goldsboro. *Roberson v. Lumber Co.*, 153 N.C. 120, 68 S.E. 1064

(1910). Whether the Virginia court properly asserted in personam jurisdiction over defendant is an issue to be determined by the trial court.

Therefore, this appeal is interlocutory in nature and does not affect a substantial right which would be lost if not reviewed before final judgment. N.C.G.S. §§ 1-277 and 7A-27.

Appeal dismissed.

Chief Judge HEDRICK and Judge ARNOLD concur.