MELVIN CROOM, as Administrator of the Estate of BOBBY DARIEN CROOM, Plaintiff v. MARCELLUS HUMPHREY and MACK WESLEY MARROW, JR., Defendants

No. COA05-318

(Filed 7 February 2006)

**1. Motor Vehicles— passing vehicle—crossing centerline at curve**

The trial court did not err in a negligence case arising out of an automobile accident by denying plaintiff's motion for a directed verdict and subsequent motion for judgment notwithstanding the verdict regarding whether defendant driver's attempt to pass decedent violated N.C.G.S. § 20-150(d) which prohibits motorists from crossing the centerline of a highway at a curve when defendant began crossing the center markings while his truck was emerging from a curve in the highway, the road was marked with a broken yellow line adjacent to the lane in which defendant was traveling, and there was a solid yellow line adjacent to the opposite lane, because: (1) given the Legislature's decision to delegate road-marking determinations to DOT, the Court of Appeals is not inclined to construe N.C.G.S. § 20-150 to prohibit passing on a portion of the highway which DOT has marked to permit passing; and (2) for the purposes of N.C.G.S. § 20-150 a "centerline" is a solid yellow line which indicates that passing from the adjacent lane is forbidden.

**2. Appeal and Error— preservation of issues—failure to object**

Although plaintiff contends the trial court erred in a negligence case arising out of an automobile accident by failing to include certain instructions in its charge to the jury, plaintiff has waived his right to contest the propriety of the court's instruc-

tions, because: (1) the record reveals that plaintiff did not object to the alleged omissions either during the charge conference or following the court's charge to the jury; and (2) even assuming arguendo that plaintiff's arguments concerning the jury instructions are properly before the Court of Appeals, these arguments are entirely without merit.

**3. Negligence— motion for new trial—abuse of discretion standard**

The trial court did not abuse its discretion in a negligence case arising out of an automobile accident by denying plaintiff's motion for a new trial.

Appeal by plaintiff from judgment entered 16 January 2004 and an order entered 25 June 2004 by Judge Jerry Braswell in Greene County Superior Court. Heard in the Court of Appeals 3 November 2005.

*Narron & Holdford, PA, by Ben L. Eagles, for plaintiff appellant.*

*Hodges & Coxe, by Bradley A. Coxe, for defendant appellees.*

McCULLOUGH, Judge.

Plaintiff, the administrator of the estate of Bobby Darien Croom, appeals from a judgment entered in defendants' favor following a jury verdict for defendants and from an order denying plaintiff's motion for judgment notwithstanding the verdict and motion for a new trial. We affirm.

FACTS

On 13 September 1996, defendant Marcellus Humphrey was working for defendant Mack Marrow, Jr., as a truck driver. Humphrey's duties on 13 September required him to drive a tractor-trailer northbound on North Carolina Highway 58. While on a two-lane portion of the highway, Humphrey approached a Toyota Corolla being driven by Bobby Croom, which he attempted to pass. After emerging from a curve, Humphrey moved his truck into the left lane of the highway and accelerated. While Humphrey was attempting to pass, Croom attempted to turn his vehicle into a driveway on the left, and the vehicles collided. Croom was taken to the hospital and treated for injuries sustained in the collision. Regrettably, Croom later died of cardiac arrest.

Plaintiff, the administrator of Croom's estate, filed a complaint against Humphrey and his employer, Mack Marrow, Jr., alleging, *inter alia*, negligence by Humphrey and seeking damages for Croom's injuries and death. Following a trial, a Greene County jury found that Croom had not been injured by negligence on the part of Humphrey. The trial court entered judgment accordingly and subsequently denied plaintiff's motion for judgment notwithstanding the verdict and motion for a new trial. Plaintiff now appeals.

I.

**[1]** On appeal, plaintiff first argues that the trial court erred by denying his motion for a directed verdict and subsequent motion for judgment notwithstanding the verdict. This contention concerns a purely legal issue: whether Humphrey's attempt to pass Croom necessarily violated section 20-150(d) of the North Carolina General Statutes, which prohibits motorists from crossing "the centerline" of a highway at a curve.

The evidence at trial established that Humphrey crossed the yellow markings on the center of the road in order that he might pass Croom. Humphrey began crossing the center markings while his truck was emerging from a curve in the highway. The road was marked with a broken yellow line adjacent to the lane in which Humphrey was traveling and a solid yellow line adjacent to the opposite lane. These markings indicated that Humphrey was permitted to move into the left lane to pass Croom if he could do so safely.

Section 20-150(d) of the North Carolina General Statutes provides that "[t]he driver of a vehicle shall not drive to the left side of the centerline of a highway . . . upon a curve in the highway where such centerline has been placed upon such highway by the Department of Transportation, and is visible." N.C. Gen. Stat. § 20-150(d) (2005). The question for this Court is what the word "centerline" means as it is used in this statute.

The General Assembly has neither provided a definition of the word "centerline" nor supplied qualifying examples. Rather, it has left the issue of highway markings to the discretion of the Department of Transportation (hereinafter "DOT"). *See* N.C. Gen. Stat. § 136-18(5) (2005) (granting DOT the power to "make rules, regulations and ordinances for the use of, and to police traffic on, the State highways . . . ."); N.C. Gen. Stat. § 136-30 (2005) (vesting DOT with discretion concerning how to "mark highways in the State high-

way system"); 1991 N.C. Sess. Laws c. 530, § 2 (repealing subsection (c) of N.C. Gen. Stat. § 136-30.1, which required that DOT mark highways in accordance with the Manual on Uniform Traffic Control Devices for Streets and Highways published by the United States Department of Transportation). Significantly, subsection (e) of section 20-150 references the discretion of DOT to mark the highways. N.C. Gen. Stat. § 20-150(e) (2005) ("The driver of a vehicle shall not overtake and pass another on any portion of the highway which is marked by signs, markers or markings placed by the Department of Transportation stating or clearly indicating that passing should not be attempted.").

Given the Legislature's decision to delegate road-marking determinations to DOT, we are not inclined to construe section 20-150 to prohibit passing on a portion of the highway which DOT has marked to permit passing. Accordingly, for the purposes of section 20-150 a "centerline" is a solid yellow line which indicates that passing from the adjacent lane is forbidden.

Plaintiff argues that our Supreme Court's decision in *Walker v. Bakeries Co.*, 234 N.C. 440, 67 S.E.2d 459 (1951) compels a different result. In *Walker*, the trial court erroneously instructed the jury that "if there was a solid line and if the plaintiff had a clear unobstructed view for a distance of 500 feet or more, the law did not require him to wait until he got away from this line before he could pass." *Id.* at 442, 67 S.E.2d at 460-61. The Supreme Court reversed because the instruction did not comport with section 20-150(d), but the Court did not address the issue of what qualifies as a "centerline" under the statute. *Id.* at 443, 67 S.E.2d at 461. However, given that *Walker* involved a road that was marked with a solid yellow line, its holding does not conflict with our interpretation of section 20-150(d).

The corresponding assignment of error is overruled.

## II.

[2] Plaintiff next argues that the trial court erred by failing to include certain instructions in its charge to the jury. The record reveals that plaintiff did not object to the alleged omissions either during the charge conference or following the court's charge to the jury. Accordingly, plaintiff has waived his right to contest the propriety of the court's instructions. *See* N.C. R. App. P. 10(b)(2) (2005) ("A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider

its verdict, stating distinctly that to which he objects and the grounds of his objection . . . ."); *Oakes v. Wooten*, 173 N.C. App. 506, 515, 620 S.E.2d 39, 46 (2005) ("[Appellant] here failed to object to the trial court's instruction . . . . This issue is therefore not properly preserved for appellate review."). However, even assuming *arguendo* that plaintiff's arguments concerning the jury instructions are properly before us, we conclude that these arguments are entirely without merit. The corresponding assignments of error are overruled.

## III.

**[3]** Plaintiff also argues that the trial court erred by denying his motion for a new trial. The decision of whether to grant a new trial to an unsuccessful party is consigned to the discretion of the trial court. *Campbell v. Pitt County Memorial Hosp.*, 321 N.C. 260, 264-65, 362 S.E.2d 273, 275-76 (1987). We discern no abuse of discretion in the instant case. The corresponding assignment of error is overruled.

Affirmed.

Judges ELMORE and LEVINSON concur.