## In re Ronald Brown Estate

[275 A.2d 1]

No. 29-70

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Hill, Supr. J.

Opinion Filed February 2, 1971

*Richardson & Caldbeck,* St. Johnsbury, for Plaintiff.

**Smith, J.** This is an appeal from the findings of fact and order of the Caledonia County Court, made in the above estate under the provisions of 14 V.S.A. § 1492. An action for wrongful death was brought by the decedent's personal representative, Alphee E. Brunelle, pursuant to 14 V.S.A. § 1492(c), which resulted in the recovery of $9,300.00. The administrator sought approval in the Caledonia County Court for attorney's fees in the sum of $3,118.60, and distribution of the remaining sum of $6,181.40. The county court made findings of fact and allowed attorney's fees in the amount of $2,343.60 and ordered the remaining sum of $6,956.40 to be paid to the surviving widow by the administrator.

It is the contention of the appellant administrator in this Court that there was no evidence or testimony upon which the findings and order of the lower court could be made; that there was no evidence as to the reasonableness of attorney's fees; and that the order was based upon findings, not justified by the evidence.

The statute, by virtue of which the county court is given jurisdiction of a matter, which, without the statute would be under the jurisdiction of the probate court, is 14 V.S.A. § 1492(c) entitled: Action for death from wrongful act; procedure; damages, reads:

"(c) The amount recovered shall be for the benefit of such wife and next of kin or husband and next of kin, as the case may be and shall be distributed by such personal representative as hereinafter provided. Such distribution, whether of the proceeds of a settlement or of an action, shall be in proportion to the pecuniary injuries suffered, the proportions to be determined upon notice to all interested persons in such manner as the county court, or in the event such court is not in session, a superior judge, shall deem proper and after a hearing at such time as such court or judge may direct, upon application made by such personal representative or by the wife, husband or next of kin."

This section is followed by subdivisions 1, 2, 3, 4 and 5 which direct how the distribution shall be made in various family situations. No. 6 of such subdivisions, which is applicable to the questions here presented, is as follows:

"The county court or the superior judge, as the case may be, shall have jurisdiction to determine the questions of abandonment and failure to support under subdivisions (2), (3), (4) and (5) of this section and the probate court having jurisdiction of the decedent's estate shall decree the net amount recovered pursuant to the final judgment order of the county court or superior judge."

■ The obvious purpose of the statutory sections above quoted was to remove from the probate court the determination of certain questions arising out of an action for a death from a wrongful act and grant jurisdiction to a county court or superior judge on the matters specified. Section (6), *supra,* grants to the county court or superior judge the jurisdiction to determine the net amount recovered by such action, and the probate court is bound by such judgment of the county court or superior judge to make its decree pursuant to such judgment.

■ In its determination of the net amount recovered in such action or settlement, the duty of the county court or superior judge is to deduct from the gross amount of recovery

all necessary charges, outlay and deductions which were necessary and proper in obtaining the recovery of the gross amount. Such charges would necessarily include any attorney's fees, as well as those of the administrator, necessitated to bring about the recovery for the wrongful death.

■ Our duty here is to sustain the findings of fact on this appeal from them if there is any creditable evidence fairly and reasonably supporting them. *Crawford* v. *Lumbermen's Mutual Casualty Co.*, 126 Vt. 12, 16, 220 A.2d 480 (1966). What we are confronted with in the instant case is that the record before us discloses that no evidence, in the sense of sworn testimony or exhibits, was presented at the hearing before the court below.

The record discloses that there were only statements by counsel to the court on the amount of his fee, plus a conversation between counsel and the presiding judge as to fee scales in various counties of the state. While, in response to questions propounded by the presiding judge, the administrator, Brunelle, and the widow, Mrs. Brown, expressed satisfaction with the charge made by the attorney, these were merely unsworn statements and not in the nature of legal evidence. Summing up the situation presented by the record, there was before the lower court no legal evidence, that is, statements, made under oath, before a properly constituted tribunal or officer. 31 C.J.S. *Evidence* § 2, at 187. The findings of fact and the judgment of the lower court cannot be sustained here with the record disclosing a complete lack of evidence to support them.

■ The burden of proof was upon the administrator in this action to produce evidence either that he had entered into an agreement upon fees with counsel in the case and himself as the personal representative of the decedent, which was fair and satisfactorily carried out, or that the compensation sought for the legal services rendered was a reasonable one under the circumstances. The law on this subject is well and completely stated in *Platt, Admr.* v. *Shields and Conant*, 96 Vt. 257, 268–69, 119 A. 520 (1923), by the late Chief Justice Powers. This burden was not met.

A new hearing is necessary in this case for a proper presentation of evidence and a determination by the lower court, after the presentation of such evidence.

*Reversed and remanded.*