Vermont Superior Court
Filed 07/19/24
Caledonia Unit

VERMONT SUPERIOR COURT                                   CIVIL DIVISION
Caledonia Unit                                          Case No. 21-CV-01117
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



| Daniel Shaffer v. Northeast Kingdom Human Services, Inc. |
| --- |

## ENTRY REGARDING MOTION

Title:        Motion; Motion; Motion for Approval of Partial Distribution of Wrongful Death
Settlement, 14 V.S.A. 1492; for Approval of Settlement Distribution to Beneficiaries; for Award of
Costs (Motion: 27; 29; 30)
Filer:        Alexander M. Dean; Alexander M. Dean; Richard J. Windish
Filed Date:   June 04, 2024; June 12, 2024; June 13, 2024

The motions are GRANTED.

There are presently three post-judgment motions pending before the Court for which the

Court retains jurisdiction to resolve apart from the final judgment, which was granted on May 31,

2024 and appealed to the Vermont Supreme Court on June 28, 2024.

*Motion for Partial Distribution of Wrongful Death Settlement*

The first motion before the Court is for a partial distribution of the Settlement Funds

obtained from Heartbeet Lifesharing Corporation on May 10, 2024 by the Plaintiff Daniel Shaffer as

Administrator of the Jared Shaffer Estate. The amount of these settlement funds are **$525,000.**

Plaintiff seeks to distribute a portion of these funds to Plaintiff's counsel to cover attorney's fees and

costs. Plaintiff represents that these amounts are as follow: Attorney's Fees of **$175,000** and Costs

and Expense related to litigation of **$52,146.14** for a Total Partial Distribution of **$227,146.14.**

Plaintiff cites to 14 V.S.A. § 1492(c) as the basis for this distribution.

On July 16, 2024, the Court conducted a hearing on this request as required under 14 V.S.A.

§ 1492(c). *In re Estate of Brown*, 129 Vt. 230, 233–34 (1971). At the hearing, Plaintiff's counsel made

a proffer of its cost ledger that comprises reasonable discovery costs associated with bringing the

present case forward to trial where the settlement with Heartbeet occurred on the eve of the jury

trial. Plaintiff's counsel also described the work and effort that went into the multiple year

preparations for the trial and the nature of Plaintiff's contingency fee arrangement that generated the

attorney fee amount. At the hearing was Susan Gilberg, who along with Plaintiff are the only beneficiaries to the Jared Shaffer Estate. Ms. Gilberg did not object to the proposed attorney fee distribution. Also present at the hearing was Attorney Windish on behalf of Defendant Northeast Kingdom Human Services who registered no objection or position on the proposed distribution.

Based on the representations and filings of Plaintiff and the lack of objection, the Court approves the proposed partial distribution of funds in the total amount of **$227,146.14.** The Court directs the Probate Division to approve the distribution of this amount from the Estate of Jared Shaffer to Barr, Sternberg, Moss, Silver & Munson, PC pursuant to this Order.

*Court Costs Assignable to NEKHS under Rule 54*

The next motion concerns court costs to the prevailing party under V.R.C.P. 54. It is undisputed that NEKHS is the prevailing party and is entitled to its reasonable court costs under V.R.C.P. 54(d)(1), which allows "costs other than attorney's fees" to the prevailing party as allowed under statute and the rules of civil procedure.

NEKHS seeks court costs for two categories of expenses. Under Rule 54(g), the Court is permitted to award the costs of depositions including the costs of service of a subpoena, the costs of the court reporter taking the deposition, and the costs of the original transcript. Id. NEKHS seeks these costs for 23 of the depositions that were taken in this case, which total to **$14,430.52.** As well, NEKHS seeks the costs for witness fees and mileage under 32 V.S.A. § 1551 for Theresa Wood and Hannah Schwartz. These fees total to **$171.79.**

The present matter does represent a complicated and prolonged litigation that involved three sets of defendants, a complicated medical issue, and necessitated the deposition of both expert witnesses as well as a number of fact witnesses. However, the Court finds that many of the witnesses that were deposed were not reasonably necessary to Defendant's case for the purpose of Rule 54. In making these findings, the Court is focused on the fact that the primary issues in this case for NEKHS centered less on Jared's medical condition, how it developed, and what treatments were available, and more on the oversight and interaction between Mike Montgomery of NEKHS and various care providers who had direct contact and performed day-to-day oversight. Nevertheless, given the joint tortfeasor liability, the Court does find that some of the medical care provider depositions were necessary, and were put forward at trial making the obtaining and review

of their depositions necessary.[1]  Based on this analysis, the Court finds the following deposition costs were reasonably necessary and qualify for compensation under Rule 54(d):

Daniel Shaffer, April 28, 2019, $793;

Hannah Schwartz April 30, 2019, $887;

Mike Montgomery (NKHS 30(b)(6)), June 26, 2019, $371.50;

Dr. Peter Sher, August 9, 2019, $694.26;

Ralph Provenza (part I), October 7, 2019, $214.50;

Seneca Gonzalez, December 9, 2019, $501.36;

Leslie Lockridge, M.D. October 25, 2019, $1,195.03;

Ralph Provenza (part II), January 22, 2020, $1,317.25;

Joseph Papas, February 21, 2020, $1,266.63;

Onat Sanchez, November 23, 2020, $173;

Samantha Stanley, December 4, 2020, $240;

Diane Dernavich, (HAHC 30(b)(6)), January 12, 2021, $109.40; and

Theresa Wood, March 15, 2021, $461

**Total: $8,223.93[2]**

The Court also approves the witness fees sought for Ms. Wood and Ms. Schwartz of **$171.79.**

---

[1] This was particularly and acutely true for several witness who could not appear at trial and whose depositions became their testimony.  In these cases, the depositions and transcripts were reasonably necessary to obtain and have been included in the list.

[2] While Plaintiff contests the inclusion of deposition costs, he does not contest the amounts as being accurate or consistent with Rule 54.  Instead, Plaintiff argues that the assignment of costs is unfair and does not take into account the meritorious nature of Plaintiff's claims.  While Rule 54 give the Court discretion in assigning costs, the Court does not understand the metric to be a measure of the merit of the opposing party's claims but a reasonable assignment of necessary expenses.  While the Court applies a sense of proportionality to its analysis, the ultimate analysis looks to whether these depositions were reasonably necessary to the core issues of Plaintiff's claims against Defendant or Defendant's defense against such claims.

Based on these findings, the Court awards court costs under V.R.C.P. 54(d)(1) to Defendant NEKHS in the amount of **$8,395.72**. As stipulated by the Parties, these costs will be deducted from the settlement proceeds under 14 V.S.A. § 1492(c), and the Court directs the Probate Division to direct the Estate of Jared Shaffer to pay this amount to the law firm of Primmer, Piper, Eggleston & Cramer, PC pursuant to this award of court costs.

*Approval of Settlement Distribution to Beneficiaries*

The final motion is from Plaintiff, and in it, he seek to distribute money to himself to compensate him for reasonable costs involved with the litigation and to distribute the remainder of the funds to the two beneficiaries of the Jared Shaffer Estate. The Court will take each distribution separately.

First, Plaintiff has filed for compensation in the amount of **$9,647.80** that arose from travel, meal, and lodging costs associated with both the trial and pre-trial/discovery parts to the litigation Plaintiff filed on behalf of the Estate. Under 14 V.S.A. § 1065, Plaintiff is entitled to reasonable and necessary expenses incurred in connection with the care, management, and settlement of the estate. The costs sought in this motion fit within this category as they were necessary in pursuit of the claims that ultimately yielded a significant settlement amount and were necessary to resolve the litigation against NEKHS. Further, the Court took testimony on this motion at the July 16, 2024 hearing. Ms. Gilberg, the other beneficiary stated that she did not contest or object to these fees. The Court further finds that each of the itemized expenses corresponds to the litigation and appear to be reasonable and necessary. For these reasons, the Court finds that these amounts are reasonable and necessary and are allowed under 14 V.S.A. § 1065.

Second, Petitioner seeks to have the remaining portions of the Heartbeet Settlement proceeds distributed equally between the two beneficiaries of the Jared Shaffer Estate, Daniel Shaffer and Susan Gilberg. The Court calculates that once the attorney's fees and costs, Rule 54 costs, and Administrator's fees and expenses are deducted the remaining amount of the settlement is **$279,810.34.** Divided between the two beneficiaries would result in **$139,905.17** to Daniel Shaffer and **$139,905.17** to Susan Gilberg. Both sums are reasonable and consistent with 14 V.S.A. § 1492.[3]

---

[3] Mr. Shaffer inquired with the Court about whether these amounts should be distributed in a different manner due to the fact that Mr. Shaffer was the sole actor seeking to bring these claims forward and Ms. Gilberg refused to join the litigation and even gave testimony and support that Mr. Shaffer alleges was helpful to the Defendants against the Estate. While Section 1492 does have provisions limiting a parent's right to collect wrongful death

The Court finds that the proposed distributions are reasonable and directs the Probate Division to make these distributions to the individual beneficiaries.

## ORDER

Based on the foregoing, the Court directs Plaintiff to file a petition with the Probate division regarding the distribution of settlement amounts obtained by Daniel Shaffer on behalf of the Estate of Jared Shaffer and for the Probate Division to award and approve the distribution of these amounts as follows in accordance with the findings of this Order and 14 V.S.A. §§ 1065 and 1492 and V.R.C.P. 54(d)(1).

From the $525,000 settlement amounts paid by Heartbeet Lifesharing Corporation to the Estate of Jared Shaffer on or about May 10, 2024, the Court directs that the following distributions be made:

1. **$227,146.14** to Plaintiff Daniel Shaffer's law firm of Barr, Sternberg, Moss, Silver & Munson, PC.

2. **$8,395.72** to the Defendant's law firm of Primmer, Piper, Eggleston & Cramer, PC.

3. **$9,647.80** to Daniel Shaffer in his capacity as Administrator of the Estate of Jared Shaffer.

---

amounts if that parent abandoned or neglected the child during his or her life, it does not have provisions that would allow withholding of wrongful death proceeds for actions taken after the child's death. The difficulty is that Ms. Gilberg did not owe the estate a particular duty or responsibility to act in a certain manner. The circumstantial evidence suggests that just as Mr. Shaffer's actions were directed at obtaining justice for Jared, Ms. Gilberg's actions appear to be consistent with an effort to find peace and closure. It is not for the Court in awarding these proceeds to make judgment such as which parent is the more deserving or was most responsible for bringing the monetary judgments into the estate.

Given the strong emotional undercurrent present both in this matter and in Plaintiff's presentation at the July 16, 2024 hearing, the Court will indulge in a brief obiter dicta. To the Court, it appears beyond any doubt that Mr. Shaffer and Ms. Gilberg loved and cared deeply for their son with an affection and passion that would be admirable in any parent. Both have been deeply and irrevocably affected by Jared's passing. As the author George Saunders put it, "One is thunderstruck that such a brutal violation has occurred in what had previously seemed a benevolent world. From nothingness, there arose great love; now, its source is nullified, that love, searching and sick, converts to the most abysmal suffering imaginable." While the Court cannot comprehend the suffering that results from the loss of a beloved child, it can appreciate that such loss can easily translate into very different responses as parents work through their individual grief to re-build, seek justice, or simply move past these events. It is not the Court's place or the law's to adjudicate these different responses. In this respect, the Court finds no equitable grounds or basis in the present filings that would cause a recommendation or finding to alter the statutory distribution proposed by Plaintiff in his filings or envisioned by Section 1492, even if the Court had the authority to do so.

4. **$139,905.17** to Daniel Shaffer, as beneficiary of the Estate of Jared Shaffer.

5. **$139,905.17** to Susan Gilberg, as beneficiary of the Estate of Jared Shaffer.

The Probate Division shall take note of this Court's decision and findings, which shall be conclusive to the issues of distribution, but which shall not affect any other issue of administration of the Estate properly before the Probate Division and outside of the scope of the present Order and review, which is conducted primarily to resolve the distribution of settlement funds received by the Estate pursuant to the Administrator's Wrongful Death claims filed pursuant to 14 V.S.A. § 1492.

Electronically signed on 7/18/2024 6:30 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge